WILLIAM FULFORD, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

An indictment against A for the offense of assault with intent to murder one J. A. Conway, charged the prisoner as principal in the second degree, in being present, aiding and abetting A " by pushing, striking, assaulting and threatening the said J. A. Conway:"

*Held,* That such words thus descriptive of the acts of A, which constitute the offense of which he is accused, cannot, on motion of prosecuting counsel, without the consent of the prisoner, be stricken from the indictment as surplusage.

Criminal law. Indictment. Before Judge STROZER. Mitchell Superior Court. May Adjourned Term, 1873.

William Fulford was placed on trial upon an indictment for the offense of an assault with intent to commit murder, alleged to have been committed upon the person of J. A. Conway, on June 23d, 1873. The indictment contained also a count charging the defendant as a principal in the second degree, as follows:

"And the jurors aforesaid, upon their oaths aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse the said H. B. Humphries, of the county and State aforesaid, with the offense of an assault with intent to murder, as principal in the first degree, and William Fulford and L. S. Shackelford, of the county and State aforesaid, as principal in the second degree, with the offense of assault with intent to murder. For that the said H. B. Humphries, on the

Fulford *vs.* The State of Georgia.

twenty-third day of June, in the year eighteen hundred and seventy-three, in the county aforesaid, did then and there unlawfully, and with force of arms, in and upon one J. A. Conway, with a certain wooden stick of one and a half inches in diameter, and three feet long, of the value of one dollar, the same being a weapon likely to produce death, did make an assault with the intent then and there, the said J. A. Conway, then and there as aforesaid, wilfully, feloniously, and of malice aforethought, to kill and murder, and the said J. A. Conway then and there did beat, wound and ill-treat. And the jurors aforesaid, on their oaths aforesaid, do further say that William Fulford and L. S. Shackelford, in the county aforesaid, on the twenty-third day of June, in the year eighteen hundred and seventy-three, were present, aiding and abetting the said H. B. Humphries, (by pushing, striking, assaulting and threatening the said J. A. Conway,) the said offense of an assault with intent to murder aforesaid, in manner aforesaid, to do and commit, contrary to the law of said State," etc.

The defendant pleaded not guilty. After plea filed, and after the jurors had been put upon the prisoner, and after the Court had refused to require the Solicitor General to elect upon which count he would proceed, the Court, over the objection of defendant, allowed the indictment to be amended by striking from the second count the following words : "by pushing, striking, assaulting and threatening the said J. A. Conway," said words being embraced in ( ) in the above copy of said count. To this ruling the defendant excepted.

The jury found the defendant guilty upon the second count and recommended him to the mercy of the Court.

He moved for a new trial upon numerous grounds, and amongst them on account of error in the ruling aforesaid.

The motion was overruled, and defendant excepted.

T. R. LYON; C. O. DAVIS, for plaintiff in error.

B. B. BOWER, Solicitor General, for the State.

Fulford *vs.* The State of Georgia.

Trippe, Judge.

The indictment in this case not only charged the defendant, as principal in the second degree, in being present, aiding and abetting the chief perpetrator of the alleged offense, but proceeded further and specified the acts whereby the aiding and abetting were done. The prosecuting counsel, on motion, struck these descriptive averments from the indictment, over the objection of defendant.

We recognize the rule that it is not necessary to prove allegations in an indictment which are immaterial or purely surplusage. But the question is, what are immaterial averments? Or, rather, when do averments which might have been omitted become material—or, at least, so enter into the indictment as framed that they cannot be stricken or rejected as surplusage? Starkie on Evidence, volume 3, page 1539, says it is a most general rule that no allegation *which is descriptive of the identity of that which is legally essential to the claim or charge*, can ever be rejected; and on page 1542, same volume, makes it more specific by restating the rule thus: " The position that descriptive averments cannot be rejected, extends to all allegations which *operate by way of description or limitation* of that which is material." Bishop says: "If the indictment sets out the offense *as done in a particular way*, the proof must show it so, or there will be a variance. And where there is a necessary allegation which cannot be rejected, yet the pleader makes it unnecessarily minute in the way of description, the proof must satisfy the description as well as the main part, since the one is essential to the identity of the other:" 1 Bishop's C. P., secs. 234, 235. If the prosecutor state the offense with unnecessary particularity, he will be bound by that statement, and must prove it as laid: United States *vs.* Brown, 3 McLean R., 233; Rex *vs.* Dawlin, 5 T. R., 311.

In the case in 3 McLean, the indictment charged the postmaster with stealing a letter *containing certain bank notes*. It was held that the averment as to the bank notes might have

been omitted and an offense was charged without those words, but being in, they must be proved. So in United States vs. Porter, 3 Day, 233, the charge was stopping the mail with an averment of a contract between the Postmaster General and the carrier. Though this averment was not necessary to the indictment, it was adjudged that it must be proved. In The State vs. Copp, 15 New Hampshire, 212, the defendant was indicted for resisting the sheriff *legally appointed and duly qualified*. Although the *appointment and qualification* might have been omitted, it was held that it was necessary to establish them by testimony. Where the statute made it penal to sell spirituous *or* intoxicating liquors, and the charge was the selling of spirituous *and* intoxicating, the prosecutor was bound to show the liquor to be both spirituous and intoxicating: 4 Gray, 18; see Commonwealth vs. Varny, 10 Cush., 402; Commonwealth vs. Butcher, 4 Grattan, 544; United States vs. Keen, 1 McLean, 429.

These decisions agree with the rule as quoted from Bishop and Starkie. The confusion that grows out of applying it may be avoided by observing the qualification of it or rather the statement of another rule given by Bishop, Chitty and Phillips. Chitty (1 Criminal Law, 294, 295,) says: if any unnecessary averments *disconnected with the circumstances which constitute the stated crime* be introduced, they need not be proved but may be rejected as surplusage. See, also, 1 Chancery Pleadings, 263. Bishop and Phillips state this rule to be, if the *entire averment* may be omitted of which the *descriptive matter is a part*, or can be rejected as surplusage, then the descriptive matter falls with it and need not be proved: Phillips' Evidence, (eighth edition,) 854; 1 Bishop Criminal Proceedings, section 235. Or, as it is put in 3 McLean, *supra*, if the averment be mere facts disconnected with the offense, they need not be proved. See, also, on this distinction in the rule, 15 New Hampshire, 212.

These authorities show the line between material and immaterial averments, and where those which might have been omitted when once introduced become an important part of

the indictment, and cannot be rejected as surplusage or stricken out, but must be proved. And there is reason and justice in the distinction. Take this case. It was not necessary that the pleader should have stated the acts of the defendant which constituted his "aiding and abetting," or to define how it was done. The "aiding and abetting" was an essential averment. The defendant was charged with so doing "by pushing, striking, assaulting and threatening the said J. A. Conway." He was put on notice that it would be proved on him that he did these things. He proposes to meet the charge and to show that he did not push, strike, assault or threaten the said Conway. The aiding and abetting may be made out by proving many other ways in which it may be done, totally foreign to those set forth in the indictment. The prosecution knowing this, proposes to strike out all these descriptive averments and leave an open field for any and all proof of any and all forms or ways in which the aiding and abetting may be shown. This would be permitting a defendant to be called upon to meet a charge specifically made in one form and then to allow him to be convicted by a change of the indictment on proof of acts totally distinct from those of which he was notified. It is hard enough that a defendant may be convicted on a general averment of "aiding and abetting," without subjecting him, after specific acts are charged, to the hazard of having them stricken after he may have prepared to meet them as made, and to a conviction for acts of any kind that the prosecution may see fit to produce. We do not think it can be done on principle or authority.

Judgment reversed.