### 8945. HORTON *v.* THE STATE.

1. The charge of the court, that "the defendant in this case has offered some evidence of an alibi," is not, when taken in connection with the entire charge of the court on this question, error harmful to the defendant. The court fully and fairly submitted to the jury the defendant's defense of alibi.

2. As there was evidence of a confession of the crime by the defendant, together with other circumstances connecting him with the perpetration of the offense, the court did not err in failing to charge the jury on the law of circumstantial evidence.

3. There was a fatal variance between the accusation and the proof, it being alleged in the accusation that the property stolen belonged to three named persons and was in the possession of one of these, and the proof showing that it belonged jointly to him and two others of different names than those alleged.

4. The court erred in overruling the motion for a new trial.

DECIDED OCTOBER 31, 1917.

Accusation of larceny; from city court of Sparta—Judge Moore. May 10, 1917.

*T. M. Hunt, G. Lee Dickens,* for plaintiff in error.

*R. L. Merritt, solicitor,* contra.

HARWELL, J. The accusation charged the accused with the larceny of "one copper metal syrup pan, of the personal goods of Gilmore Thomas, Lee Boyer and Murray Harper, in the possession of Gilmore Thomas." The evidence on the trial showed that the syrup pan was the joint property of Gilmore Thomas, Albert Boyer, and Harry Harper, though in the possession of Gilmore Thomas. In a prosecution for larceny the ownership of the property alleged to have been stolen must be laid, if known, in some person or persons. *Randolph* v. *State,* 16 *Ga. App.* 328 (85 S. E. 258); *Buffington* v. *State,* 124 *Ga.* 24 (52 S. E. 19). Being an essential allegation, it must be proved as laid in the accusation. In the instant case there is a fatal variance between the accusation and the proof as to the ownership of the property. *Riley* v. *State,* 1 *Ga. App.* 651 (57 S. E. 1031); *Grant* v. *State,* 120 *Ga.* 199 (47 S. E. 524); 25 Cyc. 92, 102; Parmer *v.* State, 41 Ala.

416; Atkins v. State, 44 Tex. Crim. 291 (70 S. W. 744). For this reason the court erred in refusing the defendant a new trial.

In the second ground of the amendment to the motion for a new trial it is insisted that the court erred in failing to charge the law of circumstantial evidence. There was evidence that the syrup pan was carried off across the field of the defendant, and that the tracks of the parties who carried it off led to the defendant's house, and evidence showing where the pan was torn up in the swamp, and other circumstances connecting the defendant with the commission of the crime. One of the witnesses testified that the defendant told him that he had had the pan; that he got it out from under the shelter himself and carried it down across the field a little piece, and then went back and got his brother; and he further testified that defendant had endeavored to get him to swear that he, the defendant, was at the witness's house on the night of the larceny. There being evidence of a confession, and other circumstances connecting defendant with the perpetration of the crime, the failure of the court to give in charge the law of circumstantial evidence was not error. *Griner* v. *State,* 121 *Ga.* 614 (49 S. E. 700) ; *Perry* v. *State,* 110 *Ga.* 234 (36 S. E. 781). See also *Nobles* v. *State,* 127 *Ga.* 213 (5) (56 S. E. 125); *Hegwood* v. *State,* 138 *Ga.* 274 (75 S. E. 138). The judgment of the court below, overruling the motion for a new trial, is reversed solely because of the fatal variance between the accusation and the evidence as to the ownership of the property.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*

BROYLES, P. J., specially concurring. It is with some reluctance that I concur in the judgment reversing the judgment of the lower court in this case. I heartily agree with Mr. Justice Cobb's language in *Thomas* v. *State,* 125 *Ga.* 286 (54 S. E. 182), that "those who enter dwelling-houses and steal therefrom will not be permitted to raise nice and delicate questions as to the title of the article stolen." If the accusation in this case had simply charged that the stolen property belonged to Gilmore Thomas, this allegation would have been sustained by proof that the property belonged jointly to him and other persons, and was in his actual possession or control when stolen (*Waters* v. *State,* 15 *Ga. App.* 342 (83 S. E. 200), and authorities there cited), or that it belonged exclusively to other persons if he had actual lawful possession of

it when the larceny occurred. *Wimbish* v. *State,* 89 *Ga.* 294 (15 S. E. 325); *Bradley* v. *State,* 2 *Ga. App.* 622 (58 S. E. 1064). However, the accusation having charged that the stolen property belonged to "Gilmore Thomas, Lee Boyer, and Murray Harper, in the possession of Gilmore Thomas," and the proof showing that although the property was in the possession of Gilmore Thomas it belonged to Gilmore Thomas, *Albert* Boyer, and *Harry* Harper, I am forced to admit that, under the common law (which in this particular has not been changed by any statute of this State), this variance is fatal, and that the conviction of the defendant is contrary to the law and the evidence.