### 14024.  ROGERS v. THE STATE.

A fatal variance as to ownership existed where an indictment for receiving stolen cotton alleged that it was the property of two named persons, and as to one of them the evidence failed to show any interest in the stolen cotton.

The evidence was not sufficient to show beyond a reasonable doubt that at the time when the accused received the cotton he knew that it had been stolen.

DECIDED JANUARY 10, 1923.

Indictment for receiving stolen goods; from Gordon superior court — Judge Tarver.  September 25, 1922.

From the evidence it appeared that six bags of H. B. Allen's seed-cotton were stolen from a warehouse, and were found in the barn of J. H. Rogers. Wilburn Woods and Lawson Fowler were indicted for larceny of this cotton, and were convicted. Rogers was convicted under an indictment charging him with having received the cotton, knowing it to be stolen. On the trial of Rogers, Wood testified: " Me and Lawson Fowler stole the cotton which was left at Mr. Rogers' house. We were bringing it from Mr. H. B. Allen's in my buggy when the horse ran away and tore loose from the buggy. We had started to J. H. Rogers' house with the cotton. Mr. Fowler went and woke up the defendant and made arrangements to leave the cotton there. I don't know what was said by Mr. Fowler and Mr. Rogers, because they were in the house. They both came out of the house and told us to put the cotton out there behind the barn. We told Rogers that when we got our horse we could come back and get it. Before we got back the officers got after us. Me and Fowler went to hunt the horse and could not find it. We came back and got Rogers to help us hunt the horse. He went with us nearly to Nicholsville. We did not see the horse, and me and Fowler went back to my house and Rogers went to his house. . . It was between 10:30 and 11 o'clock that night when we went to Rogers' house. Neither Lawson Fowler nor myself raised any cotton that year, and J. H. Rogers knew we didn't own any. E. M. Smith testified that after Fowler, Woods, and Rogers came back from hunting the horse he heard Rogers say they would have to get the cotton away from there. Lawson Fowler testified, that he bought the cotton from Woods, and on their way with it to where the father of Fowler lived the horse got scared and broke loose from the buggy, and they went to the house of Rogers, who lived on the way, woke him up, and asked him if they could leave the cotton there; that Rogers said they could leave it there, and, after they unloaded it, they went to look for the horse, and Rogers went with them. H. M. Smith testified that Wilburn Woods told him that Rogers had nothing to do with stealing the cotton, and that " it was only left at his house until he could find the horse." Rogers, in his statement at the trial, said that he did not know anything as to this cotton being stolen, that Fowler and Woods asked him if they could leave the cotton at his barn until they could find their horse, and he con-

sented, and went with them to find the horse, and on finding that there was some trouble about the cotton he told them that if it was stolen cotton they had to move it away.

*A. L. Henson,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.

BLOODWORTH, J. The indictment in this case charges that the accused did " buy and receive from Wilburn Woods and Lawson Fowler 250 lbs. of ordinary short-staple cotton, picked and in sacks, of the value of seven cents per pound, the personal goods and private property of H. B. Allen and T. J. Allen, said cotton having been falsely, fraudulently, and feloniously taken and carried away by Wilburn Woods and Lawson Fowler from a certain cotton-house of said H. B. Allen, with the intent to steal the same, the said J. H. Rogers then and there knowing said cotton had been stolen and feloniously taken as aforesaid, and said Wilburn Woods having been convicted of the offense of *simple larceny,* and Lawson Fowler having been convicted of the *offense of larceny* from the house in connection with the taking and stealing of said cotton." (Italics ours.) There is no evidence in the record to show that any one except H. B. Allen had any interest in the stolen cotton. The allegation of ownership being essential, it must be proved as laid in the indictment. The variance between the allegation and proof is fatal. *Horton* v. *State,* 21 *Ga. App.* 120 (93 S. E. 1012), and cases cited; *Eubanks* v. *State,* 105 *Ga.* 612 (31 S. E. 741). In addition, the brief of evidence shows that " the State introduced an indictment in Gordon superior court, February term, 1921, against Wilburn Woods and Lawson Fowler, with a verdict of guilty of *simple larceny* in the stealing of 700 or 800 pounds of seed-cotton from *H. B. Allen* in November, 1920." (Italics ours.)

Moreover, the evidence is not sufficient to show beyond a reasonable doubt that at the time of the reception of the goods by the plaintiff in error he knew that they had been stolen. *Stripland* v. *State,* 114 *Ga.* 843 (40 S. E. 993) ; *Sanford* v. *State,* 4 *Ga. App.* 449 (61 S. E. 741). See also *Pat* v. *State,* 116 *Ga.* 92 (2) (42 S. E. 389).

The court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*