20039. YOUNGBLOOD *v.* THE STATE.

DECIDED NOVEMBER 12, 1929.

*H. L. Causey, Quincey & Quincey,* for plaintiff in error.
*A. B. Spence, solicitor-general, C. W. Pittman,* contra.

BLOODWORTH, J. The indictment alleges that in Bacon county, on September 3, 1927, the accused and others "did then and there unlawfully and with force and arms break and enter a railroad freight-car marked Frisco No. 130476, same being in the custody and control of Atlanta, Birmingham and Coast Railroad Company, with intent to steal goods." The trial resulted in the conviction of the defendant. He filed a motion for a new trial, which was overruled, and he excepted. The motion alleges that a new trial should be granted because the indictment alleged that the car from which the goods were alleged to have been stolen was marked "Frisco No. 130476;" that this was a material allegation, and that the evidence failed to show that the word "Frisco" was on said car. The Supreme Court in *Fulford* v. *State,* 50 *Ga.* 591, 593, quoting from Bishop's Criminal Procedure, §§ 234, 235, said: "If the indictment sets out the offense as having been done in a particular way, the proof must show it so, or there will be a variance, and where there is a necessary allegation which can not be rejected, yet the pleader makes it unnecessarily minute in the way of description, the proof must satisfy the description as well as the main part, since the one is essential to the identity of the other." The word "Frisco" might have been left out of the indictment, but, having been inserted therein, it became "descriptive of the identity of that which is legally essential to the claim or charge," and can not be rejected as surplusage, and must be proved. *Fulford* v. *State,* supra. There is no evidence to support this part of the indictment. *Hightower* v. *State,* 39 *Ga. App.* 674, 675 (148 S. E. 300) ; *Southern Express Co.* v. *State,* 23 *Ga. App.* 67 (2), 70 (97 S. E. 550), and cit.

The court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*