21171. MARTIN *v.* THE STATE.

288

Decided May 12, 1931.

*Paul S. Etheridge & Son, W. R. Bentley, Morgan S. Belser,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens, W. S. Howard,* contra.

LUKE, J. C. E. Martin was tried and convicted under an indictment charging him with the offense of embracery. The first question raised by the record is whether the trial judge erred in overruling the defendant's demurrer to the indictment; and the other questions for this court's consideration are presented by the exception to the judgment overruling the motion for a new trial, which contains the general and eleven special grounds.

The indictment charges "C. E. Martin, alias Jack Martin, with the offense of felony, for that said accused in the County of Fulton and State of Georgia, on the 19th day of April, 1930, with force and arms, knowing that the case of the State against Walter C. Taylor had been called for trial in Fulton superior court; that both the solicitor-general who prosecutes for the State and counsel for the defendant in said case had announced ready for trial, and that argument was pending on a demurrer in said case; that said case had been adjourned over to April 21st, and that S. P. Hutchins had been served with a summons as a juror for the week of April 21st, did, while in the possession of the aforesaid information and knowledge, wilfully, by promises of money, persuasion, and entreaties, attempt to influence corruptly one S. P. Hutchins, as a juror aforesaid, in the case of the State of Georgia against Walter C. Taylor, then on trial as heretofore set forth on indictment No. 33317 on a charge of bribery, to the side of the said Taylor, by offering money to the said S. P. Hutchins to use his efforts to be accepted as a juror in the particular case herein mentioned, and to vote in favor of the said Walter C. Taylor in the deliberations of the jury on said case."

The grounds of demurrer are:

"1. That no violation of criminal law of the State of Georgia is charged in said indictment.

"2. That the said indictment does not charge the defendant with any crime denounced by law, because the statute upon which the indictment is based only punishes the offense of embracery of a juror, and does not apply to prospective jurors who merely have been summoned but who have not been empaneled or sworn as jurors.

"3. The said indictment does not aver that the alleged juror, S. P. Hutchins, was ever empaneled or sworn as a juror to try the cause of the State vs. Walter C. Taylor; and that, therefore, he, the said S. P. Hutchins, was charged with any duty in the premises which he could perform with partiality or favor, or otherwise than is required by law.

"4. The said indictment does not allege that the said S. P. Hutchins knew or understood that the said entreaties, persuasions or alleged acts of the defendant were intended to influence him as a juror in the case of the State vs. Walter C. Taylor.

"5. The said indictment does not set forth sufficiently in detail and with certainty the facts constituting the alleged offense, or the manner in which the accused is said to have influenced, or attempted to influence, the said S. P. Hutchins to the side of Walter C. Taylor in said case."

The Penal Code (1910), § 333, defines embracery in this language: "Embracery is an attempt, whether successful or not, to influence a jury corruptly to one side, by promises, persuasions, entreaties, money, entertainments, and the like. Every embracer who shall procure, or attempt to procure, a juror to take money, gain, or profit, or shall corruptly influence, or attempt to influence, a juror, by persuasions, promises, entreaties, or by any other means, shall be punished by imprisonment and labor in the penitentiary for not less than one year nor longer than four years. And the juror convicted of taking money, gain, or profit, or of being corruptly influenced as aforesaid, shall be punished by confinement and labor in the penitentiary for not less than two years nor longer than five years, and shall be forever disqualified to act as a juror."

We quote from 20 Corpus Juris, p. 496, sec. 4: "It is not generally necessary that the juror shall have been impaneled and sworn; but it is sufficient that he is summoned as a talesman, that

his name has been drawn and published as a juror, or even that his name has been drawn. Where a statute makes a distinction between a juror and a person summoned as a juror, the offense of influencing a 'juror' can be committed only with reference to a qualified juror acting in a pending action or prosecution." In the case of U. S. v. Russell, 255 U. S. 138 (65 L. ed. 553), it was held that experimental approaches to the corruption of a petit juror in the discharge of his duty, though before he was selected and sworn, are, without regard to success or failure, within the provision of the Criminal Code, § 135, for the punishment of anyone who corruptly, or by threats or force, or by any threatening letter or communication, shall endeavor to influence, intimidate, or impede any petit juror in the discharge of his duty. In the decision it is said: "Experimental approaches to the corruption of a juror are the 'endeavor' of the section." The Supreme Court held that the court erred in sustaining the demurrer and dismissing the indictment.

Considering the language of our Code in the light of the foregoing authorities, we do not think that it is essential to constitute the offense of embracery that the juror sought to be influenced be at the time a member of a jury empaneled and sworn to try the case in question. Hence we hold that the indictment in the case at bar is not subject to grounds 1, 2, and 3 of the demurrer. We are further of the opinion that a reading of the indictment shows clearly that ground 4 of the demurrer is without merit; and the same is true as to ground 5 of the demurrer. Therefore we hold that the trial judge properly overruled each and every ground of the demurrer to the indictment.

E. A. Stephens, sworn as a witness for the State, testified in effect that according to his best recollection a jury had been empaneled on Wednesday or Thursday of "the week of April 14, 1930" to try Walter C. Taylor under an indictment numbered 33103; that said case had been called, and on Saturday the 19th of April "was pending with the right to counsel to continue arguments on the special plea and demurrer;" that on Saturday, April 19, it "was pending with the right to counsel to continue arguments on the special plea and demurrer;" that on Saturday, April 19, "this particular indictment was the one pending, and had gone over to be finished on Monday," April 21; that indictment No. 33317 was

not returned into court until late Saturday night (April 19) several hours after three o'clock p. m. of that day; that having taken out a new indictment against Taylor, indictment No. 33103 was voluntarily dismissed when the case came up on Monday, April 21, 1930, and the only indictment left for trial on that day was No. 33317; and that the second indictment alleged the same facts as the first indictment.

S. P. Hutchins testified for the State that the defendant approached him at about three o'clock on the afternoon of Saturday, April 19, 1930, and said and did those things which the State contends constitute the offense of embracery.

The record is not as concise and clear as might be desired in regard to the two indictments, but it does clearly appear that there were two indictments against W. C. Taylor; that at the time when, as testified by Hutchins, the defendant tried to influence him as a juror in the Taylor case, the only indictment pending against Taylor was the one numbered 33103; and indictment No. 33317 was not returned until several hours after the defendant had approached Hutchins,—"hadn't been born," as the witness Stephens expressed it.

It will be observed that the indictment in the case at bar charges that the defendant "did wilfully . . attempt to influence corruptly one S. P. Hutchins, as a juror aforesaid, in the case of the State of Georgia against Walter C. Taylor, then on trial as heretofore set forth on indictment No. 33317 on a charge of bribery."

We cannot escape the conclusion that when the grand jury so clearly and unequivocally designated the indictment against Taylor as No. 33317, that averment became material, and that when it appeared from the State's own evidence that indictment No. 33317 was not in existence at the time the State undertook to show that the offense of embracery was committed, but that indictment No. 33103 was the number of the indictment that was then pending, the State failed to prove its case as laid. In the case of *Youngblood* v. *State,* 40 *Ga. App.* 514 (150 S. E. 457), the indictment alleged that the accused "did then and there . . break and enter a railroad freight-car marked Frisco No. 130476, same being in the custody and control of Atlanta, Birmingham and Coast Railroad Company, with intent to steal goods." This court said: "The word 'Frisco' might have been left out of the indictment, but, having been inserted therein, it became 'descriptive of the identity

of that which is legally essential to the claim or charge,' and can not be rejected as surplusage, and must be proved." The opinion in the *Youngblood* case quotes from the early case of *Fulford* v. *State,* 50 *Ga.* 591, 593, which lays down rules for determining when an allegation in an indictment is material and when surplusage. See also *Caswell* v. *State,* 5 *Ga. App.* 483 (5) (63 S. E. 566); *Robertson* v. *State,* 97 *Ga.* 206, 207 (22 S. E. 974); *Hightower* v. *State,* 39 *Ga. App.* 674 (148 S. E. 300); *Perkins* v. *State,* 29 *Ga. App.* 278 (3), 280 (115 S. E. 27); *Haupt* v. *State,* 108 *Ga.* 53 (2) (34 S. E. 313, 75 Am. St. R. 19).

The special grounds of the motion for a new trial present no question that is unusual or of especial interest. None of them discloses reversible error, and the judgment of the court below is reversed solely for the reason above indicated.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*