## 24726. WRIGHT v. THE STATE.

DECIDED DECEMBER 6, 1935.

*William E. Mann,* for plaintiff in error.

*John C. Mitchell, solicitor-general,* contra.

MACINTYRE, J. The indictment charged the defendant and another person with the larceny of "one certain automobile sedan, Plymouth make, 1934 model, *motor No. P. E. 5369,* gun-metal color, the . . property of Miss Johnnie Roberts." The unequivocal and uncontradicted proof was that said automobile was a Plymouth sedan of gun-metal color, *motor number P. C. 5369,* and the property of Miss Johnnie Roberts. *Held,* that since the letters "P. E." appear to be a necessary and essential part of the description of the motor, and the description of the motor appears especially intended to distinguish the automobile alleged to have been stolen from all other automobiles of like make, color, and design, proof that the motor number was *"P. C. 5369"* constitutes a fatal variance between the allegata and the probata. The court erred in overruling the general grounds of the motion for new trial. *Fulford* v. *State, 50 Ga. 591, 593; Crenshaw* v. *State, 64 Ga. 449; Robertson* v. *State,* 97 *Ga.* 206 (22 S. E. 974); *McLendon* v. *State,* 121 *Ga.* 158 (48 S. E. 902); *Youngblood* v. *State,* 40 *Ga. App.* 514 (150 S. E. 457); *Martin* v. *State,* 43 *Ga. App.* 288 (158 S. E. 635).

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*

GUERRY, J., concurring specially. Except that I am constrained by the holding of prior decisions of the Supreme Court and this court, I would merely mark myself dissenting. To my mind, however, when there was never a question about the identity of the car alleged to have been the subject-matter of the theft; the prosecutor having but one car and it a Plymouth Sedan 1934 model, gun-metal in color, motor number 5369, it is immaterial whether it be P. E. 5369 as alleged or P. C. 5369 as testified by the witness. There is not the slightest doubt in the mind of a juror, or the court, that the car alleged to have been stolen and the car testified about was one and the same car. The applica-

tion of the principle in this case reduces the rule to an absurdity, and brings ridicule upon the courts. It is true that the material allegata and probata must conform, but it should not be applied in a case where the difference is only the same as between tweedledum and tweedledee. Whenever there can be raised the slightest question as to the identity of the article described as the subject-matter of a theft it is proper to apply the strict letter of the rule. The rule, as applied in this case, ceases to be a rule of reason, and should therefore cease to be a rule of law. However, I am constrained to follow the strict and literal language of the opinions cited, and concur in the judgment of reversal by reason thereof.