## 25049. BELL *v.* THE STATE.

DECIDED DECEMBER 11, 1935.

*David L. Hall,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GUERRY, J. 1. The defendant was convicted of involuntary manslaughter. We have carefully read the record and weighed his argument, and see no just reason why we should declare that the judge erred in refusing to sustain his motion for new trial. No lengthy quotation of the evidence, or discussion thereof, is necessary to show that it amply supported the verdict. The nature of the crime charged is well known, and its definition well recognized (Code of 1933, § 26-1009), and needs no explanation here. The indictment charged involuntary manslaughter in the commission of various unlawful acts, to wit: violation of the laws of Georgia in driving an automobile in excess of 40 miles per hour, and in operating a motor vehicle "while under the influence of intoxicating liquor;" violation of city ordinances of East Point, Georgia, in operating automobile in excess of 25 miles per hour and "up to, onto, and over" intersecting streets; and a further violation of the law of Georgia in operating an automobile at a speed greater than is reasonable and safe, having due regard for the width, grade, character, traffic, and common use of said street and highway. The evidence, when taken most favorably to the State (the jury having found a verdict in favor of the State) disclosed that the defendant was driving his car south on Main Street, and that the car of the deceased was proceeding north on the same street. Witnesses, in an automobile going south on

Main Street, and at a point near the curb, testified that the defendant passed them at a rapid speed, in their opinion from 45 to 50 miles per hour, just at the intersection of Main Street and Newnan Avenue, almost hitting their car, and that immediately after passing their car and after turning slightly to the right he veered suddenly to the left and "went across Main Street and struck" the deceased's automobile, "just beyond the intersection." In other words, the defendant's car traveled to the wrong side of the street and hit the deceased's car, which was on the right side of the road, and traveling, according to eye-witnesses about 25 miles per hour. After the wreck, witnesses smelled liquor about the defendant; his face was flushed, and he admitted to an officer that he had taken a drink "prior to that time, that night." One witness testified, that, "judging from the condition of his face and the odor of alcohol, I would say he had been drinking." Another testified: "From my observation of Mr. Bell there and what I saw him do and heard him say, I would say that he was drinking some. He seemed to be under the influence of intoxicating liquor." This evidence was certainly clear proof of the crime charged. The defendant's argument, as presented by brief, is one that should be directed to the minds and consciences of the jury, and not to the critical eye of an appellate tribunal, established for the correction of errors of law alone. For example, he says that the evidence was not sufficient to warrant the verdict, because of its indefiniteness and unreasonableness; and especially does he apply this reasoning to the testimony of witnesses as to the speed of the defendant's car, who admittedly did not see it travel but some 30 feet. Certainly this court could not hold this evidence was without probative value merely because the witnesses did not see the car travel more than 30 feet. This fact is one that could have been considered by the jury as to the credibility of the witnesses themselves. It is well settled that the credibility of a witness, that is, the reasonableness of his testimony, *his opportunity for observing the facts testified to,* his manner of testifying, etc., is a matter solely for the jury; and unless it appears from the testimony itself that the fact testified to is a physical impossibility (*Rome Railway & Light Co.* v. *Keel,* 3 *Ga. App.* 769, 60 S. E. 468), is contrary to known physical laws, or is incredible, impossible, or inherently improbable (*Patton* v. *State,* 117 *Ga.* 230), this

court must accept its verity as the jury has done. An opinion of a witness as to the speed of an automobile he saw in motion is clearly admissible (*Augusta Railway & Electric Co.* v. *Arthur,* 3 *Ga. App.* 513, 60 S. E. 213); *Fisher Motor Car Co.* v. *Seymour,* 9 *Ga. App.* 465, 71 S. E. 764); and the value of such evidence, based upon facts stated by the witness, or the sufficiency of these facts to authorize the opinion given by the witness, is-a matter for determination by the jury. *Lamb* v. *Sewell,* 20 *Ga. App.* 250 (92 S. E. 1011). Much the same reasoning may be applied to whether or not the defendant was "under the influence of intoxicating liquor." We may leave the general grounds as being without merit.

2. As already stated, the defendant was indicted for involuntary manslaughter. The indictment charged the commission of this crime by five distinct acts alleged to have been contrary to the laws of this State. The defendant contends that one of the acts alleged was not an act contrary to any valid law of this State; that is, that to operate an automobile at a "speed greater than is reasonable and safe, having due regard for the width, grade, character, traffic, and common use of said street and highway," is not in violation of any valid law of this State; and that although he filed no demurrer pointing out this defect in the indictment, the judge erred in submitting this part of the indictment to the jury through his charge, and therefore he is entitled to a new trial. We agree with counsel that the charge, which was based upon the motor-vehicle act of 1927 (Ga. L. 1927, p. 226, Code of 1933, § 68-301), was clearly erroneous; for this court in *Poole* v. *State,* 47 *Ga. App.* 303, held that act void for uncertainty (although such opinion was not then and is not now the view of the writer); but we can not agree that because of this the defendant should be awarded a new trial. The evidence overwhelmingly showed that the defendant was guilty of all of the other acts alleged in the indictment, and therefore it is plain and unmistakable that he was guilty of an unlawful act or acts when he ran into the car of the deceased; and we can hardly see how the defendant can complain of a charge with regard to driving his car at a speed greater than was reasonable and safe under the circumstances. Therefore we do not think this is a reason for reversal of the judgment overruling the motion for new trial. See *Hayes* v. *State,* 11 *Ga. App.* 373 (75 S. E. 523).

*Judgment affirmed. Broyles, C. J., concurs. MacIntyre, J., dissents.*

MacIntyre, J., dissenting. "The language employed in section 11 of the motor-vehicle act approved August 23, 1927 (Ga. L. 1927, p. 226), providing that a motor-vehicle shall not be operated upon any public street or highway 'at a speed that is greater than is reasonable and safe,' is so indefinite as to render that part of the act void. It was therefore error for the court to instruct the jury in the language of that part of the statute." *Poole* v. *State,* 47 *Ga. App.* 303 (3) (170 S. E. 309). In *Howard* v. *State,* 151 *Ga.* 845, 847 (108 S. E. 513), Justice Beck, in discussing a similar statute, said: "The instruction of the trial court embodying the part of the statute here held to be invalid was therefore error. Nor can we hold that it was not hurtful error, as one of the material issues under the evidence in the trial of this defendant was whether he was doing an unlawful act at the time the automobile driven by him struck and killed the decedent. If the language of the statute is so indefinite as to make it void, then the instructions could only confuse the jury and tend to prevent a clear understanding of what particular act would or would not be criminal. The part of the statute held to be invalid should not be given in charge to the jury in the trial of a criminal case involving issues like the present one, as it can not help the jury to determine the criminality of the acts charged, and can only tend to confuse them." I think, therefore, that this charge was not only error but harmful error, and that the judge erred in overruling the motion for a new trial.