44759.  UNITED STATES FIDELITY & GUARANTY
COMPANY v. BARNES.

ARGUED SEPTEMBER 12, 1969—DECIDED OCTOBER
10, 1969—REHEARING DENIED NOVEMBER 5, 1969.

594

*McCamy, Minor, Phillips & Tuggle, Carlton McCamy,* for appellant.

*Herman J. Spence, Bobby C. Milam,* for appellee.

EVANS, Judge. Apparently counsel for the defendant assumed that the entire policies of insurance were attached to the petition, when in fact, only the face of the renewal policy is attached as an exhibit. Defendant sought to pierce the allegations of the petition on summary judgment by having the court consider the pleadings, the exhibits, the answer and depositions taken, all of which it contends would demand a judgment in its favor. A

casual reading of the depositions suggests that the insurance policies were considered, but without them in the record we cannot assume the lower court ever saw them. Proof or admission as to the contracts of insurance and their contents is absolutely necessary as to a question of liability or non-liability thereon. Without the contents, we have no way to determine whether or not the lower court erred in denying summary judgment. Defendant seeks to establish certain facts by the contents of its answer and a statement of contentions, but these are not admitted by the plaintiff. Accordingly, we must affirm the lower court, for we have no way of ascertaining the contents of the policies of insurance.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

ON MOTION FOR REHEARING.

On motion for summary judgment the trial court may have had a stipulation of facts as to the policy and may have had before it the policy of insurance as claimed by the movant for rehearing; but in the record we have before us the policy cannot be located nor can any such stipulation as to its contents be found in the record. While we realize that under *Code Ann.* § 56-3201 (Ga. L. 1960, pp. 289, 741) the standard form of fire insurance policy contained therein probably contains all the information relative to this policy, it is our opinion that this court should not attempt to add to or subtract from the record in order to ascertain what occurred in the trial court, but that we should take verbatim the information contained in the record. It may be that in this instance the clerk of the trial court has improperly prepared the record—which is voluminous—but in its present form we do not find the materials to which the motion for rehearing refers as being in the record. Nor do we construe the case of *Darnell v. Fireman's Fund Ins. Co.*, 115 Ga. App. 367 (154 SE2d 741) to authorize this court to take judicial notice of the contents of the alleged insurance policies in this suit.

Further, whether the insurance policy be shown in the record or not it is not controlling, as this case is governed by the rulings made in the companion case of *Boston Insurance Co. v. Barnes*, 120 Ga. App. 585.

*Rehearing denied.*