## 44935. LAW v. THE STATE.

EBERHARDT, Judge. Appellant was convicted of the offenses of bringing into this State a stolen motorcycle and of possessing a motorcycle on which the identification number had been removed and falsified, and from the judgment on the verdict he appeals.

1. Error is enumerated on the refusal of the court to give a requested instruction that if from the evidence the jury should find that the Honda motorcycle described in the indictment was not the property of Roger Dale Brock, as alleged in the indictment, the defendant should be acquitted, relying upon the cases of *Holder v. State*, 127 Ga. 51 (56 SE 71); *Grant v. State*, 120 Ga. 199 (47 SE 524); *Horton v. State*, 21 Ga. App. 120 (93 SE 1012); *Rogers v. State*, 29 Ga. App. 363 (115 SE 668) and *Groce v. State*, 51 Ga. App. 202 (179 SE 825).

Error is also enumerated upon a portion of the charge to the effect that proof that a party named in the indictment as owner of a chattel had a possessory interest, or any legal interest superior to that of a thief would authorize a conviction, relying on the same cases.

Reliance on these cases, holding that there is a fatal variance when the proof shows ownership to be different from that alleged in the indictment, is misplaced.

Brock's stepfather, J. R. Scoggins, testified that he purchased the motorcycle and gave it to his stepson, who rode and used it and kept it at the stepfather's home. Title was taken in the name of the stepfather, as he explained, in order that he might finance the purchase at a bank. The title documents are in the record. This evidence was sufficient to place the equitable ownership and possession in the stepson and there was no failure to prove ownership as alleged. *Code* § 48-101; *Underwood v. Underwood,* 43 Ga. App. 643 (159 SE 725); *Wimbish v. State,* 89 Ga. 294 (1) (15 SE 325); *Spurlin v. State,* 222 Ga. 179 (7) (149 SE2d 315), and citations; *Thomas v. State,* 27 Ga. App. 38 (2) (107 SE 418).

2. Error is enumerated on the failure of the court to give requested charges that if the evidence should show that the motorcycle was a Honda 305 Scrambler instead of a Honda 300 Scrambler, as alleged in the indictment, the jury would not be authorized to convict, relying on *Fulford v. State,* 50 Ga. 591; *Crenshaw v. State,* 64 Ga. 449; *Robertson v. State,* 97 Ga. 206 (22 SE 974); *McLendon v. State,* 121 Ga. 158 (48 SE 902); *Youngblood v. State,* 40 Ga. App. 514 (150 SE 457); *Martin v. State,* 43 Ga. App. 287 (158 SE 635), and *Wright v. State,* 52 Ga. App. 202 (182 SE 862).

Here again the cases relied upon do not require a holding that a denial of the requests is erroneous, for the reason that we are unable to determine whether the requests were adjusted to the evidence. It is true that a witness for the defendant testified that the motorcycle, which was itself in evidence, carried on it the legend "Honda 305 Scrambler," yet he admitted on cross examination that his eyesight was so poor that he could not tell the time by the wall clock, and that he could not tell what a photograph was at a distance of three feet. All other evidence as to this identifying number

was that the motorcycle was a Honda 300 Scrambler.[1] The motorcycle about which defendant's witness testified was introduced in evidence and was before the court and jury. If the identifying legend *actually* on the motorcycle was not as testified by this witness, the court was authorized to disregard his evidence as being incredible or impossible, and to deny the request to charge based thereon. *Patton v. State,* 117 Ga. 230, 235 (43 SE 533); *Merritt v. State,* 190 Ga. 81, 87 (8 SE2d 386). See *Central of Ga. R. Co. v. Summers,* 34 Ga. App. 340, 344 (129 SE 659); *Booker v. State,* 50 Ga. App. 66, 68 (176 SE 917); *Bell v. State,* 52 Ga. App. 249, 250 (183 SE 93); *Western & A. R. v. Mathis,* 63 Ga. App. 172, 178 (10 SE2d 457). The motorcycle was not brought up as a part of the evidence on this appeal.[2] The burden is on the appellant to show error by the record, and when a portion of the evidence—whether it be testimony or documentary or physical in nature—bearing upon the issue raised by the enumeration of error, is not brought up[3] so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result. *U. S. Fidel. &c. Co. v. Barnes,* 120 Ga. App. 593 (171 SE2d 632); *Smith v. Smith,* 223 Ga. 795 (2) (158 SE2d 679); *Shepherd v. Shepherd,* 225 Ga. 455 (3) (169 SE2d 314). The determination of whether or not the court erred in denying the re-

---

[1]J. R. Scoggins, who testified that he had purchased and given to his stepson a motorcycle of the kind described in the indictment, was unable to make positive identification of the motorcycle introduced in evidence as being the same vehicle. It was similar, but there had been changes of numbers and some of its parts.

[2]If physical evidence is too bulky to bring up, or if it is impossible to do so, photographs are generally introduced which suffice in showing the character of the evidence, and these can be and generally are brought up.

[3]Photographs of the motorcycle were in evidence, but appellant did not bring them up. After this was mentioned during oral argument in this court counsel for the State filed a supplemental brief, attaching a copy of the photograph—which showed the motorcycle to carry the Honda 300 identifying number. However, this did not make the photograph a part of the record on appeal, and we have not rested our judgment on it.

quested charge requires a consideration of this evidence, and since it was not brought up we assume that the order was correct. *Terry v. Warner Robins Supply Co.*, 225 Ga. 5 (2) (165 SE2d 731).

3. Enumerations numbered 5 and 6, that there was a failure of the proof to support the allegations of ownership and of identification of the motorcycle as alleged in the indictment are, for the reasons above stated, without merit.

4. There is ample evidence in the record to authorize the jury to conclude that the motorcycle which the defendant brought into this State and which he possessed before taking it as a gift to his own son, was the vehicle which Scoggins had given to his stepson in Tennessee, that certain identification numbers on it had been changed or altered, and that the stepson, Roger Dale Brock, had been wrongfully and illegally deprived of his possession of it.

5. Enumeration number 7, that the evidence did not establish beyond a reasonable doubt that the defendant knew that the motorcycle was in fact one that had been stolen, is, for the reasons stated in Headnote 4, without merit. For the same reasons enumeration number 10, assigning error on the court's refusal to charge a request that in order to convict, the jury must be satisfied that Brock did not lend, sell or give the motorcycle away is without merit.

6. In alleging former conviction or plea of guilty by the defendant of similar offenses (*Code Ann.* § 27-2511; New Criminal Code § 26-1813 (b)) the State is not limited to the alleging or proving of only one; it may allege and prove as many as have in fact occurred, or any portion thereof. Defendant's motion for mistrial because former convictions of more than one similar offense were alleged and proved was without merit. *Coleman v. State*, 215 Ga. 865 (2) (114 SE2d 2). See *Studdard v. State*, 225 Ga. 410 (169 SE2d 327).

7. Enumeration of error number 9, asserting error in the denial of a mistrial because of argument by the district attorney that the methods used in disguising or changing the identity of the motorcycle were those of a professional thief, is without merit. The argument related to evidence which is in the record and, being a reasonable deduction to be drawn therefrom, we cannot say that the trial court erred in denying the motion. *Floyd v. State*, 143 Ga. 286, 288 (84 SE 971). *Pressley v. State*, 207 Ga. 274, 277 (61 SE2d 113). In the

light of the evidence his argument was not illogical, but if it had been it would not require the grant of a mistrial. *Davis v. State*, 25 Ga. App. 532 (9) (103 SE 819). "While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw deductions from the evidence; and the fact that the deductions may be illogical, unreasonable, or even absurd, is a matter for reply by adverse counsel, and not for rebuke by the court." *Owens v. State*, 120 Ga. 209 (3) (47 SE 545). Accord: *Gossett v. State*, 203 Ga. 692 (8) (48 SE2d 71).

Moreover, the context in which the remarks were made does not appear in the transcript and thus no error is shown. *White v. State*, 118 Ga. App. 515 (2) (164 SE2d 158).

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

ARGUED JANUARY 8, 1970—DECIDED JANUARY 20, 1970—REHEARING DENIED FEBRUARY 5, 1970—

*George G. Finch,* for appellant.

*Lewis R. Slaton, District Attorney, Tony H. Hight, Joel M. Feldman,* for appellee.