## 50795. STONE v. RIDGEWAY.

MARSHALL, Judge.

This is an appeal from an order by Judge Wofford of Fulton Superior Court vacating an order of Judge Etheridge of the same court who had vacated an earlier default judgment against appellant found by a jury. The judgment of Judge Wofford reinstated the original

judgment and order as if Judge Etheridge's vacating order had never existed.

The facts leading to this complicated appeal consist of the following sequence of events. Appellant Stone as the driver of one car was involved in an automobile accident with appellee Ridgeway, the driver of the other vehicle, near Norcross, Georgia, on November 29, 1970. Complaint was filed by Ridgeway against Stone on May 7, 1973. Process was served upon appellant by leaving the appropriate summons at his mother's address on May 21, 1973. The complaint alleged that Ridgeway had sustained damages to his vehicle, the loss of its use, and nonspecified personal injuries.

On March 18, 1974, the case having come on regularly to be heard before the court and jury, with no answer or appearance having been made by the defendant Stone, and the jury having returned a verdict for Ridgeway in the amount of $3,000, Judge Wofford made the verdict of the jury the judgment of the court.

Subsequently, on August 26, 1974, a summons of garnishment was served on appellant's employer. The garnishment action caused appellant to file a motion on October 8, 1974, to vacate the judgment. The basis of the motion was that appellant was not properly served on May 21, 1973, and was unaware of the 1973 cause of action; that the original suit was barred by a two-year statute of limitation; that a committal action against Stone was set four times in Gwinnett County and at no time was there any representation on behalf of Ridgeway, and that since the original suit by Ridgeway was barred by the statute of limitation and thus void, the garnishment was void also. There is no evidence in the record that this motion by Stone to vacate the original judgment by Judge Wofford was ever served upon or brought to the attention of appellee Ridgeway.

On October 8, 1974, by an ex parte order, Judge Etheridge determined that the original cause of action by Ridgeway against Stone was barred by the statute of limitation — the alleged accident occurring on November 29, 1970, and the suit being filed on May 7, 1973. The order further relieved Stone or his employer from filing any answer to the garnishment. In appellant's motion

before Judge Etheridge appellant did not delineate or otherwise define the injuries allegedly giving rise to the original suit by Ridgeway against Stone. The record does not show that Judge Etheridge considered any evidence, but acted solely on the basis of the motion to vacate filed by Stone.

On October 14, 1974, Ridgeway filed his own motion to vacate Judge Etheridge's order and to dismiss Stone's motion to vacate the original judgment. Ridgeway alleged that Judge Etheridge's order was issued without an evidentiary hearing and requested a hearing so that both motions to vacate could be fully considered.

Ridgeway also filed a supplemental motion to produce evidence and caused interrogatories to be served on Stone on October 15 and 17, 1974, respectively. Stone's reply was that the original action was barred by the statute of limitation, thus no hearing was required before Judge Etheridge, and therefore Ridgeway had no standing to sue or to require the production of evidence or the answering of interrogatories. Though the record indicates that Ridgeway continued in his request for the production of evidence and for answers to his interrogatories, there is no evidence of record that the information sought, namely, appellant's residence in May, 1973, was ever forthcoming.

On January 27, 1975, appellee Ridgeway's motion to vacate Judge Etheridge's order and to dismiss Stone's motion to vacate, was heard. After hearing evidence and following examination of the record before him, Judge Wofford sustained both appellee Ridgeway's motion to vacate the order in favor of appellant and the dismissal of appellant's motion to vacate the original judgment. This appeal followed.

In his enumerations of error, appellant Stone raises several factual issues, namely that a court in Gwinnett County erred in failing to require Ridgeway to appear at a commitment hearing arising out of the original accident; that no service was effected upon appellant, for he was not living with his mother on May 21, 1973; that the suit was barred by a two-year statute of limitation; and that the suit should be barred because of the laches of the appellee Ridgeway. Appellant's brief and argument is simply an

amplification of the enumeration of errors. There is no evidence of record that a committal hearing was or was not held in Gwinnett County following the accident. There is no evidence of record as to appellant's residence in May, 1973. There *is* evidence of record that property damage as well as personal injuries were suffered by Ridgeway at the time of the original accident in 1970. *Held:*

1. While the two-year statute of limitation may well have applied to that portion of appellee's claim pertaining to personal injuries (Act 1767, Cobb, 562; Act 1805, Cobb, 564; Acts 1955-6, p. 234; 1964, p. 763) (Code § 3-1004), that portion of the claim seeking recompense for damages to Ridgeway's car and loss of its use was a claim for damage to personalty and the four-year statute applied (Act 1767, Cobb, 562; Act 1805, Cobb, 564; Acts 1955-6, p. 233) (Code § 3-1002). *Robinson v. Bomar,* 122 Ga. App. 564 (5) (177 SE2d 815). Had the motion to vacate been limited only to the personal injury claim the sustaining of appellant's motion might have received more sympathetic consideration before Judge Wofford. But where there was a general motion to vacate the entire claim, it was proper to deny the general motion since the claim for damage to personalty was not barred. *Davis v. Patrick,* 128 Ga. App. 677, 678 (197 SE2d 743); *Robinson v. Bomar,* supra.

2. As to the remaining enumerations of error it is axiomatic that this court is a court for correction of errors. Its decisions must be made on the record sent to it by the clerk of the court below and not upon briefs of counsel. *Maloy v. Dixon,* 127 Ga. App. 151 (193 SE2d 19); *Jenkins v. Bd. of Zoning Appeals of City of Columbus,* 122 Ga. App. 412 (177 SE2d 204).

Inasmuch as this court will not rule on contentions on review where the record fails to show the facts exist upon which the contentions are founded (*Willis v. Bozeman,* 224 Ga. 729 (164 SE2d 841)), on the record before us, we affirm the lower court. *U. S. Fidelity &c. Co. v. Barnes,* 120 Ga. App. 593 (171 SE2d 632). See also *Charles S. Martin Distributing Co. v. Roberts,* 219 Ga. 525 (134 SE2d 587).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED JUNE 16, 1975 — DECIDED OCTOBER 1, 1975 —
REHEARING DENIED OCTOBER 22, 1975.

*R. Pruden Herndon,* for appellant.
*Cobb, Blandford & Werbin, Bobby L. Cobb, Samuel N. Werbin,* for appellee.