## EMPIRE LIFE INSURANCE COMPANY *v.* ALLEN.

1. A judgment refusing a new trial will not be reversed upon a ground as to the merits of which the Justices of the Supreme Court are equally divided in opinion.
2. Where a policy of accident insurance contains a condition that it does not cover cases "when the accident or disability results wholly or partly, directly or indirectly, from voluntary exposure to unnecessary danger," these words mean an intentional exposure to unnecessary danger, and imply a conscious knowledge of the danger.
(a) Consequently, in the trial of a suit to recover the amount of the insurance alleged to have accrued to the estate of the insured by reason of the accidental death of the insured in an automobile wreck, it was not error for the court to instruct the jury thus: "In order for the provision of the accidental feature of the policy, which relieves the company in case of voluntary exposure to unnecessary danger, to be an excuse from liability, three elements are essential: first, a conscious knowledge of the danger; second, an intentional or wilful exposure to it; and third, that the danger shall be unnecessary."
3. Where a policy of accident insurance provided that the insurance did not cover cases of "accident or disability while under the influence of intoxicants or narcotics," and on the trial of a suit to recover the amount of the insurance the evidence for the defendant tended to show that just previous to taking the trip on which the accident occurred the insured took a bottle of beer in a "near-beer" saloon, and the evidence for the plaintiff tended to show that at the time of the accident

the insured was not under the influence of intoxicants, a finding for the plaintiff upon this issue will not be declared contrary to law.

4. There being no evidence to authorize a finding of attorney's fees on the ground that the refusal of the insurance company to pay the loss within sixty days (Civil Code, § 2549) was in bad faith, a verdict for such fees will not be sustained. This will not require a new trial, but direction is given to write off the attorney's fees.

5. The verdict is supported by the evidence.

FEBRUARY 26, 1914.

Action upon insurance policy. Before Judge Gilbert. Marion superior court. December 31, 1912.

F. A. *Hooper* and W. P. *Wallis*, for plaintiff in error.

George P. *Munro* and T. B. *Rainey*, contra.

HILL, J. Mrs. Isabella Allen as administratrix of the estate of W. D. Allen, deceased, sued the Empire Life Insurance Company to recover the sum of two thousand dollars upon an insurance policy taken out by her husband, W. D. Allen, in his lifetime, which contained what is known as the "double-indemnity feature," by the terms of which the company became bound to pay to the estate of the insured an additional one thousand dollars in case the insured came to his death by accident. The sum of one thousand dollars was to be paid in case of death by any cause; and this sum the defendant tendered to the plaintiff in full settlement of the policy, but it was refused. The petition alleged that the insured came to his death by being accidentally killed in an automobile wreck on the public highway while operating the car. The policy provided that the accident insurance did not cover the following cases: "When the accident or disability results wholly or partly, directly or indirectly, from voluntary exposure to unnecessary danger; . . accident or disability while under the influence of intoxicants or narcotics; accident or disability as a result of the violation of the law."

The defendant denied by its answer that it was due the plaintiff the additional one thousand dollars claimed under the accident feature of the policy, because: (1) The insured was violating the statute law of Georgia, prohibiting the operation of an automobile upon a public highway "at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property," and the insured died as a result of a violation of this statute. (2) The insured voluntarily exposed

himself to unnecessary danger, in that he voluntarily and unnecessarily guided and ran his car into a ditch upon the side of the roadway and against a stump in said ditch and against the side of the cut through which said road ran, and propelled the automobile at a high rate of speed into a ditch against the stump, thus causing the accident. (3) The insured was under the influence of intoxicants at the time he met his death from the operation of the automobile.

The jury found for the plaintiff two thousand dollars, and an additional one hundred dollars as attorney's fees. A motion for a new trial being overruled, the defendant excepted.

1. Section 5 of the act of 1910 (Acts 1910, pp. 90, 92) contains certain provisions regarding the operation of an automobile "at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property;" and also contains an express provision limiting the speed to six miles per hour under certain circumstances. Section 15 provides that the violation of any of the provisions of the act shall be punished as a misdemeanor. As to the·part of section 5 above quoted, it is too indefinite to form the basis of a criminal action, whether it may stand as a rule of civil conduct or not. It is not held that the provision limiting the rate of speed to six miles per hour under certain circumstances is invalid as a penal provision. While there is an allegation in the answer that the machine was being driven at the rate of forty miles an hour at a curve, yet this allegation does not state that it was at a "sharp curve," and is so confused with allegations as to want of care and reasonable rate of speed that it can not be treated as a distinct charge of operating the machine at a greater rate of speed than six miles per hour in approaching a sharp curve; and this view is borne out by the assignment of error on this subject, and by the evidence.

The policy contained a stipulation that it did not cover "accident or disability as a result of the violation of the law." The members of the court are equally divided in regard to the construction of this language. Chief Justice Fish and Justices Lumpkin and Atkinson are of the opinion that the violation of a provision of a positive statute, whether civil or criminal, is a violation of the law which, under the terms of the policy, would prevent a recovery, if

it is the proximate cause of the injury. Presiding Justice Evans and Justices Beck and Hill are of the opinion that the provision in the policy in regard to a violation of the law is to be confined to the violation of a criminal law; and that inasmuch as the portions of section 5 of the act of 1910 above quoted are too general to be enforceable as a penal law, they do not furnish a ground of defense under the clause of the policy now being considered. Therefore the refusal of a new trial as to that ground of the motion assigning error upon the failure of the judge of the trial court to charge the provisions of section 5 of the act of 1910, in connection with the defense set up under the clause of the policy above mentioned, is affirmed by operation of law, and will not furnish a ground of reversal.

2. The plaintiff in error complains of the following charge of the court: "In order for the provision of the accidental feature of the policy, which relieves the company in case of voluntary exposure to unnecessary danger, to be an excuse from liability, three elements are essential: first, a conscious knowledge of the danger; second, an intentional or wilful exposure to it; and third, that the danger shall be unnecessary." The policy of insurance contains the condition that the insurance does not cover cases "when the accident or disability results wholly or partly, directly or indirectly, from voluntary exposure to unnecessary danger." It is insisted that the insured at the time and place where he met his death was operating the automobile upon a highway of this State, and that he voluntarily exposed himself to unnecessary danger, and ran the automobile into a ditch upon the side of the roadway against a stump, etc., which caused the car to overturn and fall upon and kill the insured by reason of his voluntarily and unnecessarily exposing himself to the danger of so driving into the ditch instead of upon the road-bed, which was the proper place upon which to travel.

"The words 'voluntary exposure to unnecessary danger' imply a conscious, intentional exposure—something of which one is consciously willing to take the risk; hence something more than ordinary negligence is necessary: there must be a design or intention on the part of insured to expose himself to danger. The injury or death must, however, result from such conscious exposure." 1 Cyc. 259; Fidelity & Casualty Co. *v.* Chambers, 93 Va. 138 (24 S. E.

896, 40 L. R. A. 432) ; Fidelity & Casualty Co. v. Sittig, 181 Ill. 111 (54 N. E. 903, 48 L. R. A. 359). In Burkhard v. Travelers' Insurance Co., 102 Pa. 262 (48 Am. R. 205), where similar language in a policy was construed, it was said: "The approach to an unknown and unexpected danger does not make the act a voluntary exposure thereto. The result of the act does not necessarily determine the motive which prompted the action. The act may be voluntary, yet the exposure involuntary. The danger being unknown, the injury is accidental." See Equitable Accident Insurance Co. v. Osborn, 90 Ala. 201 (9 So. 869, 13 L. R. A. 267). In the case of Miller v. Insurance Co., 92 Tenn. 167, 168 (21 S. W. 39, 20 L. R. A. 765), it was said by Lurton, C. J.: "The next defense presented is that the plaintiff's injury resulted 'from voluntary exposure to unnecessary danger.' Injuries resulting from such exposure are expressly excluded from indemnity by one of the conditions of the policy. We do not think these words the entire equivalent of ordinary negligence. A degree of consciousness of danger is necessary before there would be that voluntary exposure to unnecessary danger required to prevent indemnity. We do not think the mere fact of the cleaning of a gun, not known to be loaded, is such voluntary exposure as the contract contemplated. The accident seems to have resulted from a defect in the gun, unknown to plaintiff, whereby it was possible to discharge it by striking its butt upon the floor." "And it implies knowledge on the part of the person injured of the existence of the danger." Note to Fidelity & Casualty Co. v. Chambers, 40 L. R. A. 432, 434. "And a conscious intentional exposure to something which one is consciously willing to take the risk of." Carpenter v. American Accident Co., 46 S. C. 541 (24 S. E. 500). For other authorities, see Fuller on Accident and Employers' Liability Insurance, 220 et seq., and cases cited; May on Insurance (2d ed.), § 530.

3. Plaintiff in error on the argument of the case concedes that the evidence upon the subject of intoxication is insufficient of itself to require a verdict for the defendant; but it is insisted that inasmuch as the evidence showed that the insured took a bottle of beer in a "near-beer saloon" before leaving Americus, that showed the state of mind that the insured was in at the time of the accident, and which may have resulted in the accident. The jury was instructed that if the deceased came to his death while under the in-

fluence of intoxicants, the company would not be liable for the sum in issue, although he may have been killed in an accident. Whether the insured was under the influence of intoxicants was a question of fact purely for the jury. They have passed upon the issue, under proper instructions of the court, in favor of the plaintiff; and there being evidence to support their finding, we can not disturb it.

4. There was no evidence to authorize a verdict for attorney's fees on the ground that the refusal of the insurance company to pay the loss within sixty days (Civil Code, § 2549) was in bad faith. This, however, will not require a reversal; but direction will be given to write off the attorney's fees. The plaintiff in error, having obtained a material modification of the judgment of the court below, is entitled to the cost of bringing the case to this court.

5. The verdict is supported by the evidence, except as ruled in the preceding division of the opinion. The other assignments of error are without merit.

*Judgment affirmed, with direction. All the Justices concur.*