## HOWARD *v.* THE STATE.

1. The language employed in section 10 of the act of November 30, 1915 (Acts Extraordinary Session 1915, p. 107), relating to the regulation of motor-vehicles and motorcycles and their rate of speed upon the highways of this State, and providing that a motor-vehicle shall not be operated upon any public street or highway "at a speed greater than

is reasonable and safe," is so indefinite as to render that part of the statute void. Moreover, since the decision of this case by the Court of Appeals, the portion of the statute above referred to has by this court been held to be unconstitutional and void.

2. Inasmuch as this court has held the third paragraph of section 10 of the act of 1915, above referred to, unconstitutional upon the ground that legislation upon this subject was not included in the Governor's call for the special session, it is unnecessary to decide whether it is also void upon the ground of indefiniteness and vagueness.

No. 2145. SEPTEMBER 24, 1921.

Certiorari; from Court of Appeals. 25 *Ga. App.* 408.

*Branch & Howard,* for plaintiff in error.

*George M. Napier, solicitor-general,* and *Alonzo Field,* contra.

BECK, P. J. David Howard was indicted for the offense of murder, it being alleged in the indictment that he did, on the 20th day of May, 1919, unlawfully and with malice aforethought, kill one Hubert Cochran, by driving an automobile against and over the said Cochran. He was tried under this indictment and convicted of the offense of involuntary manslaughter in the commission of an unlawful act; and thereupon he made a motion for a new trial, which was overruled, and the case was carried by writ of error to the Court of Appeals. That court affirmed the judgment of the trial court, and a writ of certiorari to that judgment was sued out, bringing the case here for review.

1. One of the grounds of the motion for a new trial in this case assigns error upon the following part of the court's charge: "The law provides that no person shall operate a motor vehicle or motorcycle upon any public street or highway at a speed greater than is reasonable and safe, not to exceed a speed of thirty miles per hour, having due regard for the width, grade, character, and common use of such street or highway; or so as to endanger life, limb, or property in any respect." In the case of *Empire Life Ins. Co.* v. *Allen,* 141 *Ga.* 413 (81 S. E. 120), this court had before it for consideration and determination the validity of section 5 of the act of 1910 (Acts 1910, p. 90), which contains certain provisions regarding the operation of automobiles, making it unlawful for any person to "operate a machine on any of the highways of this State . . at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property," and the violation of this provision was made punishable as a misdemeanor. The court there held

that the part of section 5 of the act of 1910, quoted above, was too indefinite to form the basis of a criminal action, whether it might stand as a rule of civil conduct or not. That ruling is applicable to the charge under consideration here; for the provision in the statute enacted at the extraordinary session of the legislature on November 30, 1915, upon the subject of the speed limit and control on the highways, is as follows: "No person shall operate a motor-vehicle or motorcycle upon any public street or highway at a speed greater than is reasonable and safe, not to exceed a speed of 30 miles per hour, having due regard for the width, grade, character, traffic, and common use of such street or highway; or so as to endanger life, limb, or property in any respect whatever." Instead of employing the expression, "at a rate of speed greater than is reasonable and proper," used in the act of 1910, the legislature, at the extraordinary session of 1915, used the language "at a speed greater than is reasonable and safe," substituting the word "safe" for the word "proper." (See Acts Extraordinary Session 1915, p. 107, sec. 10.) The language of the two acts is substantially the same; and under the ruling construing section 5 of the act of 1910, referred to above, and holding it invalid because of its indefiniteness, the provision in the statute of 1915 now under consideration, and containing the quotation above quoted, must also be held to be invalid because of indefiniteness. The instruction of the trial court embodying the part of the statute here held to be invalid was therefore error. Nor can we hold that it was not hurtful error, as one of the material issues under the evidence in the trial of this defendant was whether he was doing an unlawful act at the time the automobile driven by him struck and killed the decedent. If the language of the statute is so indefinite as to make it void, then the instructions could only confuse the jury and tend to prevent a clear understanding of what particular act would or would not be criminal. The part of the statute held to be invalid should not be given in charge to the jury in the trial of a criminal case involving issues like the present one, as it can not help the jury to determine the criminality of the acts charged, and can only tend to confuse them. In the case of *Hayes* v. *State*, 11 *Ga. App.* 371 (75 S. E. 523), the court said, speaking through Judge Pottle: "What rate of speed is reasonable and proper? Who should de-

termine this question? What is this test as to the rate of speed which can be employed, and how is the driver of an automobile to know when he is driving at a rate of speed prohibited by the act? Manifestly this question can not be determined by the consequences which ensue from driving a machine. The law must so definitely and certainly define the offense that a person of reasonable understanding can know at the time of the commission of the act that the law is being violated. One jury might say that a certain rate of speed was reasonable and proper. Another jury might reach exactly the opposite conclusion from exactly the same state of facts and the same circumstances. One court might hold, upon a review of the facts, that the rate of speed used was in violation of the act, and another court might rule otherwise. We appreciate thoroughly the difficulty in prescribing the maximum rate of speed which can be employed in all cases, but this furnishes no reason why, in the language of the Supreme Court of the United States, the legislature should be permitted to set a dragnet and leave the courts to determine who shall be detained in the net and who should be set at liberty." Of course we are not holding that the inhibition in the statute of 1910 against exceeding a speed of thirty miles per hour was void for indefiniteness, but what is said above relates to the other language of the void statute embodied in the charge.

Moreover, since the decision of this case by the Court of Appeals, so much of the statute of 1915 under consideration as relates to the regulation of the speed, etc., of motor vehicles and motorcycles has been declared to be void upon the ground of its unconstitutionality. *Jones* v. *State,* 151 *Ga.* 502 (107 S. E. 765).

2. Error was also assigned upon the following charge of the court: " A further provision of the law as to signalling is, ' Upon approaching or passing any person walking in the roadway, traveling any public street or highway, or any horse or other draft animal being led, ridden, or driven thereon, or upon any bridge or crossing at an intersection of public streets or highways ' (but the court instructs you that there is no question of a public crossing, highway, or bridge in this case), ' the operator of a motor vehicle or motorcycle shall at all times have the same under immediate control.' " Inasmuch as the judgment of the trial court is reversed because of the court's giving the first charge above set out, it is

unnecessary to consider whether or not this last excerpt from the charge is erroneous because the statutory provision therein quoted is void because of indefiniteness, since the charge is based upon the third paragraph of section 10 of the act of 1915, which in the case of *Jones* v. *State,* supra, is also held to be unconstitutional and void.

It is unnecessary to deal with the other grounds of alleged error.

*Judgment reversed. All the Justices concur.*