24580.  COLLINS *v.* THE STATE.

MacIntyre, J.  The motor-vehicle law (Ga. L. 1927, p. 237, section 12(d), Code of 1933, § 68-303(d)) is not so vague and indefinite as to be void. See *Lester* v. *State*, ante, 146.  The indictment in the instant case charged, "when the way ahead was not clear of traffic," etc.  This phrase of the indictment is in the words of the statute, and the general demurrer attacking this allegation for vagueness and indefiniteness is not meritorious.  The other issues raised are controlled by the decision in *Lester* v. *State*, supra.  See also *Elsbery* v. *State*, 12 *Ga. App.* 86 (76 S. E. 779).

> *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*
>
> DECIDED APRIL 19, 1935.

*Grady Gillon,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

23013.  OCEAN ACCIDENT AND GUARANTEE CORPORATION LIMITED *et al.* v. FARR.

SUTTON, J.  This was a claim under the Georgia workmen's compensation law.  The action of the Department of Industrial Relations, denying compensation to the injured employee, was set aside by the superior court on appeal, and that judgment was affirmed by this court. *Ocean Accident & Guarantee Cor.* v. *Farr*, 47 *Ga. App.* 110 (169 S. E. 684). The Supreme Court, on certiorari, held that the employee was not entitled to compensation, and reversed the judgment of this court.  180 *Ga.* 266 (178 S. E. 728).  It follows that the judgment of this court, heretofore rendered, affirming the judgment of the judge of the superior court, must be vacated, and, following the opinion and judgment of the Supreme Court in this case, judgment is now rendered by this court, reversing the judgment of the superior court, which set aside as erroneous the award of the single director of the Department of Industrial Relations, approved by the full board.

> *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*
>
> DECIDED APRIL 19, 1935.

*Ralph G. Sims, Ernest J. Haar,* for plaintiffs in error.
*Oliver & Oliver,* contra.