## 27523. PHILLIPS *v.* THE STATE.

DECIDED SEPTEMBER 19, 1939.

*Fort, Fort & Fort,* for plaintiff in error.
*George R. Ellis, solicitor,* contra.

MacINTYRE, J. 1. "Section 5 of the act of 1910 (Acts 1910, pp. 90, 92) contains certain provisions regarding the operation of an automobile 'at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property;' . . As to the part of section 5 above quoted, it is too indefinite to form the basis of a criminal action, whether it may stand as a rule of civil conduct or not." *Empire Life Insurance Co.* v. *Allen,* 141 *Ga.* 413, 415 (81 S. E. 120).

2. "The language employed in section 10 of the act of November 30, 1915 (Acts Ex. Sess. 1915, p. 107), relating to the regula-

tion of motor-vehicles and motorcycles and their rate of speed upon the highways of this State, and providing that a motor-vehicle shall not be operated upon any public street or highway 'at a speed greater than is reasonable and safe,' is so indefinite as to render that part of the statute void." *Howard* v. *State,* 151 *Ga.* 845 (108 S. E. 513).

3. Lee Allen Phillips was charged with a misdemeanor for that he did "drive and operate one certain International truck motor vehicle, on a public highway known as Cotton Avenue, in Americus, in such a manner as to endanger the lives and property of other persons due to the circumstances and conditions, by driving said truck at excessive speed, back and forth across said road, and endangering the Ford automobile of Dock Hicks and lives and limbs of Nannie Mae Cobb and Willie Justice." A verdict of guilty was returned, but before sentence was passed the defendant filed his motion in arrest of judgment "on the ground that it appeared from the record that no valid or sufficient indictment or accusation was filed against plaintiff in error." The judge overruled the motion. We are bound by the decisions of the Supreme Court in the two cases cited, supra; and accordingly we hold that the judge erred in overruling the motion in arrest of judgment, because the charge against the defendant is too indefinite in its terms to be capable of enforcement. *Hayes* v. *State,* 11 *Ga. App.* 371 (2) (75 S. E. 523); *Poole* v. *State,* 47 *Ga. App.* 303, 307 (3) (170 S. E. 309).

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*