## WATSON *v.* THE STATE.

No. 13824. SEPTEMBER 10, 1941.

*Maddox & Griffin,* for plaintiff in error.

*Henderson L. Lanham, solicitor-general,* contra.

BELL, Justice. 1. It is declared in the Code, § 26-6201, that, "Whoever shall solicit another for the purpose of prostitution or shall solicit for a prostitute, or who shall offer to procure a prostitute for another, or shall, with knowledge or good reason to know of the immoral purpose of such directing, taking or transporting, direct or assist in directing, or shall take or transport, assist in taking or transporting, or offer or agree to take or transport, on foot, or by automobile, or any other means, any person to any house of ill fame, hotel, rooming-house, apartment, room, park, field or woods, or any other place whatsoever, for the purpose of lewdness, assignation, or prostitution, shall be guilty of a misdemeanor."

2. Any person of common intelligence may determine without guessing whether he has "good reason to know of the immoral purpose," and thus reach in advance a responsible conclusion whether an act would be criminal. It follows that the words "good reason to know" do not render the statute void for the want of sufficient

certainty as a standard of conduct by which individuals may be judged and made subject to its penalties, or cause it to be repugnant to the due-process clause of either the Federal or the State constitution, as contended. *Farrar* v. *State,* 187 *Ga.* 401 (2) (200 S. E. 803) ; *Fowler* v. *State,* 189 *Ga.* 733 (8 S. E. 2d, 77) ; Commonwealth *v.* Reilly, 248 Mass. 1 (142 N. E. 915) ; Pacific Coast Dairy *v.* Police Court of San Francisco, 214 Cal. 668 (8 Pac. 2d, 140, 80 A. L. R. 1217) ; Waters-Pierce Oil Co. *v.* Texas, 212 U. S. 86 (29 Sup. Ct. 220, 53 L. ed. 417) ; Nash *v.* U. S., 229 U. S. 373, 374 (33 Sup. Ct. 780, 57 L. ed. 1232, 1235) ; Miller *v.* Strahl, 239 U. S. 426, 434 (36 Sup. Ct. 147, 60 L. ed. 364, 368) ; Omaechavearria *v.* Idaho, 246 U. S. 343 (38 Sup. Ct. 323, 61 L. ed. 768) ; Hygrade Provision Co. *v.* Sherman, 266 U. S. 497 (45 Sup. Ct. 141, 69 L. ed. 403) ; U. S. *v.* Alford, 274 U. S. 264 (47 Sup. Ct. 597, 71 L. ed. 1040). Compare Code, §§ 26-1007, 26-1010, 26-1012, 26-6401, 26-6402; *Rivers* v. *State,* 118 *Ga.* 42 (3, 4) (44 S. E. 859) ; *Birdsong* v. *State,* 120 *Ga.* 850 (3) (48 S. E. 329) ; *Croom* v. *State,* 85 *Ga.* 718, 723 (11 S. E. 1035, 21 Am. St. R. 179) ; *Bashinski* v. *State,* 122 *Ga.* 164, 166 (50 S. E. 54) ; *Bashinski* v. *State,* 123 *Ga.* 508 (6), 512 (51 S. E. 499) ; *Morton* v. *State,* 190 *Ga.* 792, 799 (10 S. E. 2d, 836) ; *Arkwright* v. *State,* 57 *Ga. App.* 221 (194 S. E. 876). The conclusion stated accords with the decisions in the following cases, in which similar contentions were sustained, but as to statutes materially different from that contained in the Code, § 26-6201; International Harvester Co. *v.* Kentucky, 234 U. S. 216 (34 Sup. Ct. 853, 58 L. ed. 1284) ; Connally *v.* General Construction Co., 269 U. S. 385 (46 Sup. Ct. 126, 70 L. ed. 322) ; Cline *v.* Frink Dairy Co., 274 U. S. 445 (47 Sup. Ct. 681, 71 L. ed. 1146, 1151) ; Manley *v.* Georgia, 279 U. S. 1 (49 Sup. Ct. 215, 73 L. ed. 575) ; Herndon *v.* Lowry, 301 U. S. 242 (57 Sup. Ct. 732, 81 L. ed. 1066).

Nor was the precise question involved in *Strickland* v. *Whatley,* 142 *Ga.* 802 (83 S. E. 856) ; *Howard* v. *State,* 151 *Ga.* 845 (108 S. E. 513) ; *Hale* v. *State,* 21 *Ga. App.* 658 (94 S. E. 823) ; *Heath* v. *State,* 36 *Ga. App.* 206 (136 S. E. 284) ; *Hurst* v. *State,* 39 *Ga. App.* 522 (147 S. E. 782) ; *Phillips* v. *State,* 60 *Ga. App.* 622 (4 S. E. 2d, 698), and similar cases, in which certain statutes relating to operation of motor vehicles were held void for uncertainty; and consequently these decisions do not require a different

result in the instant case. See, in this connection, *Ray* v. *State,* 47 *Ga. App.* 22 (169 S. E. 538); *Poole* v. *State,* 47 *Ga. App.* 303, 308 (170 S. E. 309).

3. An indictment drawn under the foregoing statute need not allege the place from which or to which the female is taken or transported, the place not being an essential element of the offense charged. Code, § 27-701; *Pines* v. *State,* 15 *Ga. App.* 348 (83 S. E. 198); *Hightower* v. *State,* 39 *Ga. App.* 674 (148 S. E. 300); *Sanders* v. *State,* 59 *Ga. App.* 754 (2 S. E. 2d, 137).

4. Under the rulings stated above, there was no merit in any of the grounds of the demurrer to the indictment, either general or special, or in the exceptions to the judge's charge to the jury.

5. A ground of a motion for new trial complaining that the court erred in permitting the solicitor to propound a question to a witness, over objection that the question was leading, is without merit where it does not appear what answer, if any, was made to such question; and the same is true as to an objection that the question sought to elicit hearsay, but so far as shown no answer was given. *Brunswick & Birmingham Railroad Co.* v. *Hoodenpyle,* 129 *Ga.* 174 (2) (58 S. E. 705).

6. The female testified on direct examination that she had received money for illicit intercourse on the occasion in question; and under all the facts of the case, it does not appear that the judge abused his discretion in refusing to permit counsel for the defendant to ask the witness, on cross-examination, whether she "got money from the one [she] did have intercourse with." Even if receipt of the money would go to the credibility of the witness, as contended, needless repetition was not required. *Sims* v. *State,* 177 *Ga.* 266 (2) (170 S. E. 58); *Etheridge* v. *Hobbs,* 77 *Ga.* 531 (2) (3 S. E. 251). Nor does it appear that further answer as to receipt of money would have aided in identifying any person by whom the testimony of such witness might have been contradicted. Accordingly, a new trial was not required on the ground that the defendant was denied the right of thorough and sifting cross-examination. See, in this connection, *Granison* v. *State,* 49 *Ga. App.* 216 (174 S. E. 636); *Stevens* v. *State,* 49 *Ga. App.* 248 (174 S. E. 718).

7. The general grounds of the motion are not insisted on by counsel. The court did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*