32542. GAINES *v.* THE STATE.

DECIDED DECEMBER 3, 1949.

*Jule & A. C. Felton III*, for plaintiff in error.

*Jared J. Bull, Solicitor*, contra.

MacIntyre, P. J. The defendant seems to base his demurrer on, or at least cites as authority, *Hayes v. State*, 11 *Ga. App.* 371 (2) (75 S. E. 523), which holds as follows: "A penal law which is of doubtful construction and in which the act denominated as a crime is described in terms so general and indefinite as to make the question of criminality dependent upon the idiosyncrasies of the men who may happen to constitute the court and jury, and is of such a nature that honest and intelligent men are unable to ascertain what particular act it seeks to condemn, is incapable of enforcement, and will be held to be null and void. So much of the act approved August 13, 1910 (Acts 1910, p. 92), regulating the use of automobiles, as undertakes to make penal the operation of an automobile on one of the highways of this State 'at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property,' is too uncertain and indefinite in its terms to be capable of enforcement." In *Ray v. State*, 47 *Ga. App.* 22, 23 (169 S. E. 538), it is said: "This court in the case of *Hayes v. State*, 11 *Ga. App.* 371 (75 S. E. 523), held the act of 1910, making it criminal to operate an automobile on a public highway at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway so as to endanger life, etc., too uncertain and indefinite in its terms to be capable of enforcement. While this is the rule adopted by the courts of review of this State, it may be well to state that it is not in accord with the rule adopted in a majority of the States, and a statute similarly worded is held in other States to be sound, and not too vague and uncertain. They say further, that, after all, juries are and should be the judges of the particular facts of each case, and the fact that one jury might decide one way and another jury the other is no reason to declare a law null and void. The decision in the *Hayes* case has been criticized by courts of other States. Schultz *v.* State, 89 Neb. 34 (130 N. W. 972, 33 L. R. A. (N. S.) 403, Ann. Cas. 1912C, 495); State *v.* Schaeffer, 96 O. St.

215 (117 N. E. 220, L. R. A. 1918B, 945, Ann. Cas. 1918E, 1137) ; Maxon *v.* State, 177 Wis. 379 (187 N. W. 753, 21 A. L. R. 1484) ; 26 A. L. R. 898. The 'rule of reason' doctrine enunciated by the United States Supreme Court in Standard Oil Co. *v.* United States, 221 U. S. 1 (31 Sup. Ct. 502, 55 L. ed. 619, 34 L. R. A. (N. S.) 834, Ann. Cas. 1912D, 734), is also in conflict with the principle in the *Hayes* case. Our own courts, in passing on questions of public indecency or otherwise indecently acting, made the jury the sole judges of what is or is not indecent acting, according to the time, place and circumstances surrounding the act. We are bound, however, by the decision in the *Hayes* case." After so stating, the court in the *Ray* case thereupon proceeded to hold: "The act of 1927 (Ga. L. 1927, p. 237) which declares that 'An operator overtaking and desiring to pass a vehicle shall blow his horn, and the operator of the vehicle so overtaken shall promptly, upon such signal, turn his vehicle as far as reasonably possible to the right, in order to allow free passage on the left of his vehicle,' is not void because of being too vague and indefinite to be capable of enforcement." The application for certiorari was denied by the Supreme Court in that case. In *Lester* v. *State,* 51 *Ga. App.* 146 (179 S. E. 869), citing the *Ray* case as authority, it was held: "There is no special demurrer to the indictment and, reduced to its last analysis, the sole question presented by the general demurrer is whether or not the following part of the motor-vehicle law (Ga. L. 1927, p. 237, section 12 (d), Code of 1933, § 68-303 (d)) is so vague and indefinite as to be void: 'An operator of a vehicle overtaking another vehicle going in the same direction, and desiring to pass the same, shall pass to the left of the vehicle overtaken, provided that the way ahead is clear of approaching traffic, but if the way is not clear, he shall not pass unless the width of the roadway is sufficient to allow his vehicle to pass to the right of the centre thereof in the direction in which his vehicle is moving.' *Held,* that the only part of the statute subject to attack for indefiniteness, to wit, the phrase 'clear of approaching traffic,' is not so vague and indefinite as to invalidate the statute, and that the court did not err in overruling the demurrer to the indictment." In *Collins* v. *State,* 51 *Ga. App.* 147 (179 S. E. 869), this court followed the *Ray* case and the *Lester* case. In

all of the cases which have been decided by this court since the decision in the *Hayes* case, the *Hayes* case has not been cited, unless the precise question was involved, except to distinguish it from the case then under consideration and in some cases the court has even gone further, when it followed the *Hayes* case, and said that they only did so because they were bound by that case. See *Poole* v. *State*, 47 *Ga. App.* 303 (170 S. E. 309); *Phillips* v. *State*, 60 *Ga. App.* 622 (4 S. E. 2d, 698); *Lester* v. *State*, supra; *Collins* v. *State*, supra. In the recent case of *Watson* v. *State*, 192 *Ga.* 679 (16 S. E. 2d, 426), in referring to a line of decisions which cited the *Hayes* case, the Supreme Court merely said that the question involved there was not the precise question which was involved in the line of cases citing the *Hayes* case and similar cases in which statutes relating to the operation of motor vehicles were held void for uncertainty, and consequently these decisions did not require a different result in that case. But it seems to us that the court thereupon, and immediately following, threw out the danger signal by saying, "See in this connection *Ray* v. *State*, [supra]; *Poole* v. *State* [supra]," and held that the demurrer in the *Watson* case was not meritorious. Thus the Supreme Court has at least on two occasions had a convenient opportunity to disapprove the *Ray* case if they thought it was unsound; this they did not do. In the instant case the accusation charged that the defendant did "then and there drive and operate a certain automobile over and upon that certain public street known as Baker Street in the City of Oglethorpe . . [in Macon] County while said machine was not provided with sufficient or serviceable brakes." This accusation was drawn under Code § 68-302 which provides in part: "Every motor vehicle, tractor, and motorcycle, while in use or operation upon the streets or highways, shall at all times be provided and equipped with efficient and serviceable brakes and signaling device, consisting of a horn, bell, or other suitable device for producing an abrupt warning signal. Every motor vehicle using the highways at night shall be equipped with a lamp or lamps clearly visible for a distance of not less than 100 feet from the front and rear." The purpose of the regulations for motor vehicles is the protection of the lives and limbs of all persons upon or using the streets and highways of this State,

not only those who may be met, overtaken or passed by drivers but those as well who may accompany the driver. More people are now killed in automobile accidents than were killed in a given year of World War II. The paramount humanitarian purpose of this statute and its adaptability to meet every dangerous situation for the safeguarding of life and limb against the aggression of reckless and wanton operators commend it as a valid enactment and it cannot be declared inoperative in whole or in part unless the whole or the part in question is so imperfect as to render it impossible of execution or is so uncertain that it is impossible to ascertain the legislative intent and thus would be inoperative. Such defects, if they exist, may be urged as a ground of demurrer on the theory that the allegations of the accusation are insufficient to constitute a crime. *Abel* v. *State*, 64 *Ga. App.* 448, 451 (13 S. E. 2d, 507). It seems to us that the legislative intent in this statute in question is not impossible to ascertain, but is couched in such simple and ordinary language that there can be no doubt about its meaning and the statute is not impossible of enforcement. If it be claimed that the statute under which the defendant was convicted is too vague and uncertain to sustain a conviction in that it is impossible for the driver of the car to know whether or not he is violating it; that the fact of violation depends upon the judgment of the court or jury and not upon the specific criteria contained in the act itself; that one jury may convict and another acquit on the same state of facts, we do not think this contention is sound, for it is inevitable under any system of jurisprudence or any set of facts involved in a criminal transaction that courts differ in their judgment; juries differ in their judgment, but this is no sound reason either for abolishing them or for denying them jurisdiction sufficient to enforce the administration of statutes like the one in question, because if the fact that a jury might decide a case one way and another jury another way upon the same state of facts rendered laws void for uncertainty, then we would have to discard not only many rules of civil law, but also many criminal laws. 26 A. L. R. 897 et seq. Absolute and mathematical certainty is not required in the framing of a statute. Reasonable certainty of the nature and cause of the offense is all that is required. Some admit of much greater precision and definiteness than

others, but it is quite obvious that in the instant case the statute must be sufficiently elastic and adaptable to meet all dangerous situations presented in order to safeguard the traveling public, whether foot passenger, horse, or motor vehicle. L. R. A. 1918E, p. 945, 952. Code § 68-302 is as definite and certain in the subject-matter and the numerous situations arising thereunder as the nature of the case and the safety of the public will reasonably admit.

"An indictment which charges the offense defined by a legislative act in the language of the act, where the description of the acts alleged as constituting the offense is full enough to put the defendant on notice of the offense with which he is charged, is sufficiently specific." *Glover* v. *State*, 126 *Ga.* 594 (55 S. E. 592). An accusation which alleges the violation of the statute here in question in the language of the statute together with the other necessary allegations—such as being on a public highway, etc.— is sufficient to put the defendant on notice as against what facts and charges he must contend. Every essential ingredient of the offense charged is set forth in the accusation with sufficient clearness to enable the defendant to clearly understand the nature of the offense, and the accusation is exact enough to protect the defendant from a second jeopardy. *Hawkins* v. *State*, 58 *Ga. App.* 386 (198 S. E. 551). The accusation was not subject to the demurrer and the court did not err in overruling the same.

Pursuant to the act of the General Assembly approved March 8, 1945 (Ga. L. 1945, p. 232) requiring that the whole court consider any case in which one of the judges of a division dissents, this case was considered and decided by the court as a whole.

*Judgment affirmed.* *Sutton, C. J., Gardner and Worrill, JJ., concur.* *Felton and Townsend, JJ., dissent.*

FELTON, J. and TOWNSEND, J., dissenting. It is our opinion that a statute seeking to make penal the act or offense of operating a motor vehicle which is not at all times "equipped with efficient and serviceable brakes" is, under the decisions of our Supreme Court in *Hayes* v. *State*, 11 *Ga. App.* 371 (75 S. E. 523) and *Howard* v. *State*, 151 *Ga.* 845 (108 S. E. 513) so indefinite as to render that part of the statute void. Our Supreme Court in the latter case quoted with approval the following language

from the *Hayes* case: "What rate of speed is reasonable and proper? Who should determine this question? What is this test as to the rate of speed which can be employed, and how is the driver of an automobile to know when he is driving at a rate of speed prohibited by the act? . . The law must so definitely and certainly define the offense that a person of reasonable understanding can know at the time of the commission of the act that the law is being violated. One jury might say that a certain rate of speed was reasonable and proper. Another jury might reach exactly the opposite conclusion from exactly the same state of facts. . . The legislature should [not] be permitted to set 'a dragnet and leave the courts to determine who shall be detained in the net and who should be set at liberty." The words "efficient and serviceable" as applied to brakes is no more capable of exact definition, or of common interpretation than are the words "reasonable and proper" as applied to speed. We therefore believe that this decision should be controlled by the decisions of the *Hayes* and *Howard* cases, supra, and that the statute under discussion is void for uncertainty. It is noted that the majority opinion quotes the case of *Ray* v. *State*, 47 *Ga. App.* 22 (169 S. E. 538) as stating that the decision in the *Hayes* case has been criticised by the courts of other States. The cases there cited from foreign jurisdictions do not bear out this statement, although they reached different conclusions. Be that as it may, our Supreme Court has not criticised the *Hayes* case but has, on the contrary, approved it, and we are bound by the decisions of our own State, including those cited above and also *Empire Life Ins. Co.* v. *Allen*, 141 *Ga.* 413, 416 (81 S. E. 120); *Strickland* v. *Whatley*, 142 *Ga.* 802 (83 S. E. 856); *Central of Ga. Ry.* v. *Larsen*, 19 *Ga. App.* 413 (91 S. E. 517); *Hale* v. *State*, 21 *Ga. App.* 658 (94 S. E. 823); *Heath* v. *State*, 36 *Ga. App.* 206 (136 S. E. 284); *Hurst* v. *State*, 39 *Ga. App.* 522 (147 S. E. 782); *Phillips* v. *State*, 60 *Ga. App.* 622 (4 S. E. 2d, 698). We further believe that the decision in *Ray* v. *State*, supra, cited 'n the majority opinion as authority for the view that the statute under consideration is not invalid is, when properly interpreted, authority for a contrary determination of the question. Judge Guerry there stated that this court was bound by the *Hayes* case, and then distinguished the *Ray* case by pointing out that a

statute which calls upon the operator of a motor vehicle to allow an overtaking vehicle to pass by turning his car to the right "as far as reasonably possible" is not indefinite when considered with Code § 95-106, setting the minimum width of third-class roads at 16 feet. Whether all roads are at least 16 feet wide as a matter of fact or not, Judge Guerry considered them to be so as a matter of law, and the court held that, under such conditions, the statute was not unreasonable in its requirements, since to turn to the extreme right of the traveled road would per se leave room for the overtaking vehicle to pass. The *Ray* case and similar cases are not applicable because they hold to be valid statutes capable of definite ascertainment as to the requirements therein. On the other hand, *Watson* v. *State*, 192 *Ga.* 679 (16 S. E. 2d, 426) and cases cited therein dealing with statutes regarding prostitution, indecent exposure, etc. are not applicable to this issue, as was specifically pointed out in the *Watson* case, the reason being that these cases deal with rules of conduct rather than with measurable mechanical devices. It is impossible to legislate exactly what amount of clothing will protect a citizen from the charge of indecency. It is not only possible, but highly advisable, to legislate what characteristics a set of brakes shall have to be considered serviceable, and the speed a car may obtain while being driven reasonably and safely. Practically every State and municipality has a set speed limit. Practically every manufacturer of motor vehicles is equipped to furnish precise testing data for minimum brake standards. These can readily be incorporated into law, and many States have already done so. See Uniform Laws Anno., Title 11, Motor Vehicle Acts, p. 61, § 70. The fact that a court thinks there ought to be a good law is no reason for sanctioning a bad one and, where standards can be made specific, that which is vague and indefinite must fail by comparison, as otherwise there can be no opportunity of intelligent choice between innocence and guilt.

This case basically involves a Federal constitutional question and the answer to our question rests ultimately with the Supreme Court of the United States. It has decided many cases involving the principle of indefiniteness of statutes. The court's basic and fundamental ruling on the question is as follows: "And a statute which either forbids or requires the doing of an act

in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. International Harvester Co. *v.* Kentucky, 234 U. S. 216, 221; Collins *v.* Kentucky, 234 U. S. 634, 638.

"The question whether given legislative enactments have been thus wanting in certainty has frequently been before this court. In some of the cases the statutes involved were upheld; in others, declared invalid. The precise point of differentiation in some instances is not easy of statement. But it will be enough for present purposes to say generally that the decisions of the court upholding statutes as sufficiently certain, rested upon the conclusion that they employed words or phrases having a technical or other special meaning, well enough known to enable those within their reach to correctly apply them (Hygrade Provision Co. *v.* Sherman, 266 U. S. 497, 502; Omaechevarria *v.* Idaho, 246 U. S. 343, 348) or a well-settled common law meaning, notwithstanding an element of degree in the definition as to which estimates might differ (Nash *v.* United States, 229 U. S. 373, 376; International Harvester Co. *v.* Kentucky, supra, p. 223) or, as broadly stated by Mr. Chief Justice White in United States *v.* Cohen Grocery Co., 255 U. S. 81, 92, 'for reasons found to result either from the text of the statutes involved or the subjects with which they dealt, a standard of some sort was afforded.'" Connally *v.* General Const. Co., 269 U. S. 385 (46 Sup. Ct. 126). Further, in the opinion next above quoted from, the court cited United States *v.* Capital Traction Co., 34 App. D. C. 592, stating that "where a statute making it an offense for any street railway company to run an insufficient number of cars to accommodate passengers 'without crowding' was held to be void for uncertainty. In the course of its opinion, that court said (pp. 596, 598): 'The statute makes it a criminal offense for the street railway companies in the District of Columbia to run an insufficient number of cars to accommodate persons desiring passage thereon, without crowding the same. What shall be the guide to the court or jury in ascertaining what constitutes a crowded car? What may be regarded as a crowded car by one jury may not be so considered by another. . . There is a total absence of any definition of what shall constitute a crowded car. This important

element cannot be left to conjecture, or be supplied by either the court or the jury. It is of the very essence of the law itself, and without it the statute is too indefinite and uncertain to support an information or indictment."

Just as one person might be the difference between a crowded and an uncrowded streetcar, three feet of stopping distance might be the difference between efficient and inefficient brakes. But which person in the streetcar, or which three feet of stopping distance, is a matter of degree, and neither the public service corporation nor the motorist should be compelled to guess thereat upon peril of conviction if his estimate fails to concur with that of the court and jury. To do so, as was pointed out by Mr. Justice Holmes, is "to exact gifts that mankind does not possess." International Harvester Co. v. Kentucky, 234 U. S. 216 (34 Sup. Ct. 853).

The above also applies to *Chavers* v. *State* (No. 32595), post, which was before the court for consideration at the same time as the instant case.