35073.   BIBB  TRANSIT  COMPANY  *v.* SCARBOROUGH.

Decided May 4, 1954—Rehearing denied July 15, 1954.

428

*Miller, Miller & Miller*, for plaintiff in error.

*S. Gus Jones & Neal D. McKenny*, contra.

FELTON, C. J.   1. The court did not err in overruling the special demurrer to paragraph four of the original petition, which alleged that the plaintiff attempted to sound the signaling device with which the bus was equipped to notify the operator of the bus that she desired to stop, but that it failed to function, and she called to the bus driver to stop the bus, and that the operator stopped the bus at the plaintiff's destination.   While it is true that the alleged failure of the signaling system had no causal connection with the injuries, the facts were a part of the res gestae, they were explanatory of the method of notifying the

operator to stop the bus and could not reasonably be said to be prejudicial to the defendant. This ruling controls the ruling on the same demurrer to count two.

2. Paragraph ten of the petition alleged: "Petitioner shows that her physical condition resulting from the injury is such that she is susceptible to falling by reason of her left leg giving way; therefore she is constantly in danger from being injured by other falls from this cause and she has been so injured, to wit: on May 12, 1952, when she was stepping over a coping in the yard of her home, and this injury required additional hospitalization; and petitioner shows that by reason of the negligence of defendant as herein alleged she has been made more susceptible to other injuries." The defendant demurred to this paragraph ten as follows: "Specially to Paragraph 10 of plaintiff's petition, in that the same is irrelevant, immaterial and prejudicial to this defendant and should be stricken, for the same does not set forth any allegations upon which a legal recovery may be based against this defendant. Specially to so much of Paragraph 10 as alleges 'therefore she is constantly in danger from being injured by other falls from this cause,' in that the same is mere conjecture and speculation and is too remote a possibility and cannot be the basis of any legal recovery against this defendant; and the same is irrelevant, immaterial and prejudicial to this defendant's cause and should be stricken and physically deleted from the petition that goes out to the jury that considers this case. Specially to so much of Paragraph 10 as alleges 'and she has been so injured, to wit: May 12, 1952, when she was stepping over a coping in the yard of her home, and this injury required additional hospitalization'; in that the same is too remote to be or form any basis of recovery against this defendant; the allegation that such fall on May 12, 1952, was a result of the injuries and damages sustained on December 13, 1951, is mere conjecture and is an illegal conclusion of the pleader and without sufficient facts alleged upon which it can be based; further, the quoted part herein is irrelevant, immaterial and prejudicial to this defendant and should be stricken and physically deleted from the petition that goes out with the jury which considers this case. Specially to so much of Paragraph 10 of plaintiff's petition as alleges 'and petitioner shows that by

reason of the negligence of defendant as herein alleged she has been made more susceptible to other injuries,' in that the same is an illegal conclusion of the pleader and without sufficient facts alleged upon which it can be based; moreover, the same is mere conjecture and speculation; moreover, the same is irrelevant, immaterial and prejudicial and should be stricken and physically deleted from the petition that goes out with the jury that considers this case. Defendant demurs specially to so much of Paragraph 10 of plaintiff's original petition as alleges that plaintiff 'is susceptible to falling by reason of her left leg giving away; therefore, she is constantly in danger of being injured by other falls from this cause,' in that neither the same, nor the petition as a whole, discloses how or in what manner or by virtue of what plaintiff is susceptible to falling, nor how nor in what respect nor by virtue of what plaintiff is constantly in danger from being injured; and defendant demands the full particulars thereof. Moreover, defendant demurs specially to said quoted part of Paragraph 10, in that the same is an illegal conclusion of the pleader and without sufficient facts alleged upon which it can be based. Defendant demurs specially to so much of Paragraph 10 of plaintiff's original petition as alleges plaintiff was injured on May 12, 1952, when she was stepping over a coping in the yard of her home, as a result of her injury suffered on December 13, 1951, in that the same is an illegal conclusion of the pleader. Moreover, it is not disclosed how or in what manner or by virtue of what said injury of December 13, 1951, caused said fall."

Paragraph ten of the petition is not subject to the demurrers aimed at it and the court did not err in overruling them. While the susceptibility to future falls and the fall on May 12, 1952, are not relied on as the basis for any other kind of damages, these things were relevant on the question of pain and suffering. The facts alleged are allegations of ultimate fact and this court cannot say as a matter of law that the alleged damage from susceptibility to future falls or the one specific fall was not proximately caused by the injuries complained of in this action by reason of being too remote.

3. In the second count the plaintiff alleged: "The driver made no response to the request but another passenger, whose identity

is unknown to petitioner called out in a loud voice that 'a girl wants to get off.' During this interval petitioner was squeezing through the crowd with great effort, which was uncontrolled, and hilarious, the hilarity having been continuous for several city blocks with full knowledge of the driver, pushed and shoved her out of the rear door of the bus (which was then open) and to the pavement unintentionally, and because of the crowded conditions, and lack of supervision of the crowd by the defendant, the fall taking place at the southeasterly intersection of College and Oglethorpe Streets." The defendant demurred to this paragraph as follows: "Specially to so much of Paragraph 5 of said Count II amendment as alleges that 'the crowd, which was uncontrolled and hilarious, the hilarity having been continuous for several city blocks, with full knowledge of the driver,' as an illegal conclusion of the pleader and without sufficient facts alleged upon which it can be based; and this defendant demands the full particulars of just what the crowd was doing and how and in what manner the crowd was uncontrolled, what the crowd was doing in full particulars that was uncontrolled, just how and in what manner the crowd was hilarious, what the crowd was doing that was hilarious, just how and in what manner the crowd was hilarious, and what the crowd was doing continuously for the alleged several city blocks; defendant demands the full particulars of all the same. Defendant demurs specially to so much of Paragraph 5 of said Count II as alleges that the crowd pushed and shoved plaintiff out of the rear door, in that the same is an illegal conclusion of the pleader; and defendant demands how and in what manner plaintiff was pushed and shoved out of the door, and whether at the time of the alleged pushing and shoving the bus was moving or at a stop, and whether the rear door was open or closed."

We think the court properly overruled these demurrers. The allegations contained in the petition sufficiently put the defendant on notice as to what it had to defend against and more detailed allegations would not have enabled the defendant to more fully prepare its defense.

4. Error is assigned on the admission of the testimony of a physician who attended the plaintiff at the time of her injury to the effect that she complained of pain in the region of the left

hip, etc. Similar testimony of other physicians who examined the plaintiff at times more remote from the date of her injury was admitted without objection and precludes the defendant from complaining of the evidence objected to. The fact that the testimony unobjected to was as to complaints at a time more remote from the date of injury than the testimony of complaints objected to has no relevancy to the nature of the complaints and does not show that the complaints were dissimilar.

5. The court erred in charging the jury as follows: "Now, I charge you, if you believe that the bus was standing still and some passenger pushed the plaintiff, or pushed the companion of the plaintiff into the plaintiff, and this alone caused the fall complained of by plaintiff, and that the defendant was not negligent in any of the ways alleged by the plaintiff, you should find for the defendant." One of the specifications of negligence in the petition was that the defendant permitted the bus to become overcrowded. One of the defendant's contentions was that the operator stopped the bus at the destination of the plaintiff and that while the bus was stopped and while the plaintiff was in the act of alighting, without warning and through no fault or omission on the part of the operator, some passenger, suddenly, without warning deliberately pushed the plaintiff off the bus. The vice of the charge is that it required the jury, before it could give the defendant the benefit of the above contention in the event they found it to be true, to find that the defendant was not negligent in any of the ways alleged in the petition. In other words, the charge authorized a finding against the defendant if the jury found the defendant negligent in any particular alleged even though the negligence so found by the jury was not the proximate cause of the injury and had no causal connection therewith. To illustrate, the jury could have found for the contention of the defendant that the plaintiff was purposely pushed off the bus and that such was the sole proximate cause of the injury. Yet under the above charge the jury could have found against the defendant if it found that the defendant was negligent in overcrowding the bus. We do not think the jury could have reasonably construed the word "pushed" in the charge to refer to an *unintentional* pushing *while the bus was at a standstill* for the reason that there was no evidence which would have author-

ized a finding that the overcrowding of the bus caused the plaintiff to be *unintentionally* pushed off the bus *while it was stopped.* The only reasonable conclusion that can be reached as to the type of pushing the court was charging on in view of the use of the phrase "and this alone caused the fall complained of by the plaintiff" is that the court meant an intentional pushing.

6. It was not error to refuse to charge the following written request: "I charge you that the overcrowding of a bus by a common carrier, such as Bibb Transit Company, alone does not constitute negligence." Neither we nor the trial court could hold that as a matter of law the overcrowding of a bus of a common carrier, alone, cannot constitute negligence. Whether overcrowding was or was not the proximate cause or a contributing proximate cause was not covered in the request. As requested the charge does not state a correct principle of law. The fact that a statute making it an offense for a street railway company to run an insufficient number of cars to accommodate passengers "without crowding" was held to be void for uncertainty, does not mean that a jury could not find the overcrowding of a bus to be common law negligence under certain circumstances. See *Gaines* v. *State*, 80 *Ga. App.* 512, 520 (56 S. E. 2d 772).

It is not necessary to pass upon any other assignment of error insisted on or argued.

The court erred in overruling the motion for a new trial for the reason stated in division five hereof.

*Judgment reversed. Quillian and Nichols, JJ., concur.*